## Cordella H. A. Baker v. Jasper Millman.

### No. 6621.

1. **Actual Settlers upon County School Lands.**—An actual settler upon land is one who has actually established his residence upon it, and not one who has enclosed it and cultivated it, intending at some future time to live upon it.

2. **Same.**—The use of the word *actual* would seem to have been intended to prohibit the courts from extending the meaning of the word *settlers* by construction, and to confine the benefits of the provisions (Const., art. 7, sec. 6) to those only who come within the literal meaning of the term.

3. **Same—Case in Judgment.**—A single man enclosed 160 acres of county school land and cultivated a part of it. He lived with his father, who lived upon an adjoining tract of land. The son sought to avail himself of the right to buy as an actual settler. *Held,* that although not excluded because a single man, yet not being an actual settler his claim could not be enforced.

4. **Possession in Good Faith.**—See facts held not to show such possession in good faith as to make good a claim for improvements.

Error from Taylor.    Tried below before Hon. T. H. Connor.
The opinion states the case.

*Sayles & Sayles,* for appellant.—1. The court erred in holding that Jasper Millman was an actual settler on the land in controversy, inasmuch as he is a single man and lives with his father on an adjoining tract of land. Burleson v. Durham, 46 Texas, 152; Turner v. Ferguson, 58 Texas, 6.

2. The court erred in holding, in effect, that appellee was not required to do any act whatever except to make improvements on the land, and in giving judgment for the defendant in the absence of any proof that appellee had done anything else than make improvements on the land.

*Bentley & Bowyer, H. A. Porter,* and *Cockrell & Cockrell,* for appellee.
1. An actual settler upon school land belonging to a county has the prior right to purchase such land, not to exceed 160 acres (including his improvements), at any price and on any terms that may be fixed by the Commissioners Court of such county. Const., art. 7, sec. 6; Rev. Stats., art. 4037; Perkins v. Miller & Sayers, 60 Texas, 61.

2. A single man as well as the head of a family may be an "actual settler" within the meaning of the Constitution protecting actual settlers

on public lands. Const., art. 7, sec. 6; Id., art. 14, sec. 6; Rev. Stats., art. 3924.

Revised Statutes, articles 3937, 3938, show that when it is intended to discriminate between married and single men it is done specifically. Millman claimed the land as a homestead. An actual settler is one who resides upon or makes improvements with a view to reside upon public land.

GAINES, ASSOCIATE JUSTICE.—This case, like that of the same appellant against G. W. Dunning, *supra*, 28, is a controversy between one claiming under a purchase of the Grimes County school land and a claimant of the right of pre-emption as an actual settler. With two exceptions, the questions presented upon this appeal are the same which in the former case were decided adversely to appellant.

One of the additional questions submitted in this case is whether or not the appellee was a settler within the meaning of that term as used in section 6 of article 7 of the Constitution. The facts in reference to this matter, as agreed upon by the parties, are as follows: "That Jasper Millman fenced the entire tract, 160 acres (meaning the land in controversy), in 1885; that he is a single man, but of age; that at the date of the purchase by Buffington, McDaniel, and Baker said Jasper Millman was sleeping at his father's, George Millman's, on a survey of 160 acres out of the same league adjoining that in controversy; that all the improvements on the land were put on it by Jasper Millman, and that he himself worked 7 or 8 acres of the land in 1887; that he claimed the land prior to the purchase by Baker, Buffington, and others, and that he owned no other homestead." The entire league was sold to McDaniel, Buffington, and Baker (under whom appellant claims) by the Commissioners Court of Grimes County, and was conveyed to them August 2, 1886.

It may be, as claimed by counsel for appellee, that it was not necessary that he should be the head of a family in order to acquire a right of pre-emption in the land claimed by him. The provision of the Constitution in question, in designating the persons to be protected, does not say heads of families; nor does it use any other words which evince an intention that the right should be restricted to that class; but the language is, "Actual settlers residing on said lands shall be protected in the prior right of purchasing the same to the extent," etc. Const., art. 7, sec. 6. While this language does not exclude single men, it includes only such persons as have actually settled upon the land and are residing upon it at the time the county determines to sell.

An actual settler upon land is one who has actually established his residence upon it, and not one who has enclosed it and cultivated it, intending at some future time to live upon it. The use of the word "actual" would seem to have been intended to prohibit the courts from extending the meaning of the word "settlers" by construction, and to confine the

benefits of the provisions to those only who come within the literal mean-ing of the term.    The purpose was to secure to those who had made or should make homes upon the school lands an opportunity to make them permanent by purchase of the lands upon which their residences were es-tablished.    It was not the object to confer any privilege upon those who should enclose and use the lands while they resided elsewhere.    The de-fendant was not residing upon the lands at the time they were sold, and can not be deemed an "actual settler" within the meaning of the Con-stitution.    It follows that in our opinion the judgment of the court below should have been for the appellant.

The appellee, however, claims that he was a possessor in good faith, and prays that in the event the plaintiff shall recover the land he shall be al-lowed compensation for his improvements.    The statute allows compen-sation for improvements to those who "have had adverse possession in good faith of the premises in controversy for at least one year next before the commencement of the suit."    Rev. Stats., art. 4813.    The defendant did not have adverse possession of the land now claimed by him.    He entered upon and improved it, with the expectation of buying it from the county of Grimes.    He may have honestly believed that he acquired a right of pre-emption without making his residence upon the land.    But in our opinion it was not intended that persons who were not actual set-tlers should encumber the school lands of the counties with claims for improvements, when their sole excuse for making such improvements was their ignorance of the law.

We are of the opinion that the judgment should be reversed and here rendered for appellant, and it is so ordered.

*Reversed and rendered.*

Delivered April 22, 1890.