J. C. RICHARDSON AND ANOTHER v. F. J. WESTMORELAND.

(No. 7179.)

APPEAL from Hardeman County.   Opinion by DAVIDSON, J.

M. M. HAUKINS AND B. P. EUBANKS, counsel for appellants.

DE GRAFFENRIED & FAULKNER, counsel for appellees.

§ 313. *Forcible entry and detainer; school land; "actual settler" on, who is an.* This is a suit of forcible entry and detainer, instituted on the 17th of April, 1890, by appellee against the appellants, in justice court, precinct No. 1, of Hardeman county, for the possession of the south half of a section of school land. On appeal to

the county court, appellee recovered judgment for possession of the land, as well as for damages. In this court the damages have been remitted. Appellants pleaded general demurrer, special demurrer, general denial, and entered a plea of not guilty. The evidence discloses that about the middle of October, 1888, appellee had the county surveyor of Hardeman county to survey for him the south half of said section of land; that he had the surveyor to put up good, substantial corners at each of the four corners of said half section; that he fenced about one hundred acres of same, and put the greater portion of said one hundred acres in cultivation, dug post holes around the remaining portion of the half section, and put posts around it, along the surveyed lines, to a considerable extent, and afterwards, in 1889, took up a portion of these posts. In the month of April, 1890, appellant J. T. Richardson settled on this half section, and outside of the inclosed one hundred acres. No one was living on any portion of the half section at the time he settled on it. The evidence does not show that appellee resided on the land at any time. Appellants offered to prove the fact that appellee had never resided on the land, which evidence was excluded. This ruling is assigned as error. It is also urged that appellee was not entitled nor authorized to maintain this suit for forcible entry and detainer, because he was not an "actual settler," and had never resided on the land. The evidence fails to show a purchase of the land by appellee.

By the terms of the act of 1887, it is provided, among other things, that "any *bona fide*, actual settler who may reside on any part of the lands, the sale of which is authorized by this act, at the time this act may go into effect, shall have the right, for a period of six months after the same shall have been approved, to purchase such quantity of land as may be limited by this act, to include his improvements, upon complying with the provisions of this act regulating sales as in other cases," etc.

[Acts 1887, p. 85, § 8.] It will be observed that the right accorded under the quoted section to purchase land is limited to a "*bona fide*, actual settler who may reside" upon the land sought to be purchased. "An actual settler upon land is one who has actually established his residence upon it, and not one who has inclosed it and cultivated it, intending at some future time to live upon it. The use of the word 'actual' would seem to have been intended to prohibit the courts from extending the meaning of the word 'settler' by construction, and to confine the benefits of the provisions to those only who come within the literal meaning of the term. The purpose was to secure to those who had made or should make homes upon the school lands an opportunity to make them permanent by purchase of the lands upon which their residences were established. It was not the object to confer any privilege upon those who should inclose and use the lands while they resided elsewhere. The defendant was not residing upon the lands at the time they were sold, and cannot be deemed an 'actual settler,' within the meaning of the constitution." Such is the language of our supreme court in the case of Baker v. Millman, 77 Tex. 46, also Baker v. Dunning, 77 Tex. 28. The statute not only requires the settler to be an "actual settler," but he also must reside on the land. Unless he be an "actual settler who may reside on the land," he can acquire no right to own or hold the same, so as to acquire ownership or possession thereof. The court erred in not admitting the evidence offered to prove appellee's non-residence on the land, and in rendering judgment for appellee, because the evidence does not establish such residence, and because the facts fail to establish appellee's possession of the land alleged to have been forcibly entered upon by appellants.

　May 11, 1892.　　　　　　Reversed and remanded.