CORDELLA A. H. BAKER v. JOHN MILLMAN.

No. 92.

**1. County School Lands—Actual Settler's Right of Purchase.—** The sale in bulk by a county of its school lands will be held subject to the prior rights of an actual settler thereon, who within a reasonable time after such sale tenders to the county and to its vendees, for the 160 acres he claims to purchase, the same price per acre, payable on the same terms, as in the sale made by the county; and the settler's right of purchase thus secured may be lawfully transferred to another.   That the settler, prior to such sale by the county, had verbally agreed to make such transfer, no money having been paid thereon, does not prevent him from being an "actual settler" within the meaning of the law.

**2. Same—Occupancy not Required of the Actual Settler's Vendee.—** Where the prior right of purchase guaranteed to an actual settler on county school land has been duly fixed by tender, the settler's subsequent vendee may assert such right without himself actually occupying the land.

**3. Same — Future Settlers — Case Followed.** — The provision of the Constitution (article 7, section 6) giving a prior right of purchase to actual settlers on county school lands, applies to future settlers as well as to those residing on the lands at the time the Constitution was adopted. Following Baker v. Dunning, 77 Texas, 28.

**4. Same — Judgment in Rem.** — The order of the Commissioners Court approving a sale of county school lands is rather an act of agency in the sale of the land than the exercise of a judicial function, and is not binding as a judgment in rem against the prior right of an actual settler on the land.

APPEAL from Taylor. Tried below before Hon. T. H. CONNER.

*Sayles & Sayles,* for appellant.— 1. Ash, under whom appellee claims, after his contract of sale of his pre-emption claim, was not, at the time of the sale to Buffington, McDaniel, and Baker, under whom appellant claims, an actual settler on the land in controversy within the meaning of the Constitution and laws, and acquired no rights which can be asserted by the appellee in this suit. Burleson v. Durham, 46 Texas, 152; De Montel v. Speed, 53 Texas, 339; Bledsoe v. Cains, 10 Texas, 455; Gambrell v. Steele, 55 Texas, 585; Calvert v. Ramsey, 59 Texas, 490; Perkins v. Miller, 60 Texas, 61; Houston v. Dickson, 66 Texas, 79; Land Co. v. Wood, 71 Texas, 460; Luckie v. Watt, 77 Texas, 262; Baker v. Millman, 77 Texas, 46.

2. John Millman, defendant in this suit, claiming under a parol sale of the pre-emption right of D. G. Ash, made before the land in controversy had been sold or conveyed to plaintiff's vendors, not being in possession of and an actual settler on said land at the date of the sale or conveyance under which plaintiff claims, or at any time since, can not in this action assert title or an equitable interest in the land in controversy. Perkins v. Miller, 60 Texas, 61.

3. D. G. Ash, under whom defendant Millman claims, was not a settler on the land in controversy before the Constitution of 1876 took effect, and was not entitled to be protected in a right to purchase under the provisions of that Constitution. Const., art. 7, sec. 6.

4. The proceedings in regard to the sale of the land in controversy under which plaintiff acquired title being in rem, can not be impeached in this proceeding. Rev. Stats., art. 4036; Freem. on Judg., secs. 6–11; McGowen v. Zimpelman, 53 Texas, 479.

*Cockrell & Cockrell, John Bowyer,* and *H. A. Porter,* for appellee—1. D. G. Ash was an actual settler on the land at time of sale by Grimes County, and could convey that right to appellee Millman. Strickland v. Hardwick, 77 Texas, 195; Railway v. Freeman, 57 Texas, 156; Pome. Eq. Jur., sec. 1275.

2. Rights or interest in land can not be conveyed by verbal contract,

and the rights or interest of Ash never passed to appellee until deed was made. Rev. Stats., art. 548; Dev. on Deeds, secs. 28, 29.

3. The right of Ash as an actual settler was not governed or limited to the time of the adoption of the Constitution of 1876, but is governed by fact of settlement at the time of sale. Baker v. Dunning, 77 Texas, 28; Const., art. 7, sec. 6; Milam County v. Bateman, 54 Texas, 153.

4. The right of an actual settler is a vested, matured, and valuable right when made so by settlement on land at time of sale, and could be assigned. Manchaca v. Field, 62 Texas, 139; Snell's Eq. (Lawson), 91.

5. The sale of these lands by Grimes County was purely a ministerial act, and the rights of purchasers must be governed by the rules in reference to the sales of lands by private individuals so far as applicable; and the rules as to judgments in rem do not apply in this case.

STEPHENS, ASSOCIATE JUSTICE.—This case was decided by the court without a jury, upon an agreed statement of facts. According to this agreed statement, in July, 1886, Grimes County sold and conveyed to Buffington, McDaniel, and Baker her four leagues of school land, and thereafter said Buffington, McDaniel, and Baker conveyed the same to appellant. The Commissioners Court of Grimes County duly advertised said land for sale, and accepted the bid of the aforesaid parties at $2.45 per acre on twenty years time, with interest at the rate of 6 per cent per annum, payable annually in advance, beginning September 1, 1886; and at the July Term, 1886, of the Commissioners Court duly confirmed said sale. These lands were located as the school lands of said county in the year 1852, and patented in the year 1877. The 160 acres tract of land in controversy is a part of the four leagues of school land.

It was admitted that D. G. Ash was in possession of said 160 acres as an actual settler at the time said land was sold by Grimes County, it having been surveyed for him at the time of his settlement; and that he was a married man and had no lands elsewhere, and had made improvements on said lands, consisting of a dug-out and cow lot; and that in December, 1886, he sold the land to appellee, having made a verbal contract for the sale thereof a few days prior to the sale of Grimes County, but no money was paid for his claim until December, 1886. It was admitted that appellee was a single man, without any other land, and that he had never lived on the land in controversy. The improvements were valued at $370. It was also admitted that Ash made a tender to Grimes County, and to Buffington, McDaniel, and Baker, in accordance with the terms upon which they purchased the lands, in the manner stated in the case of Baker v. Borroughs, ante, page 337, and that this tender was made as soon as Ash knew of the sale. It also appears that appellee deposited in court money and notes in accordance with the terms of the purchase

from Grimes County, claiming the preference right secured by Ash and conveyed to him.

The questions of law arising upon the state of facts indicated above seem to us to have been already passed upon by our Supreme Court. Article 7, section 6, of the Constitution, in reference to the sale of school lands of the counties, provides, that "Actual settlers residing on said land shall be protected in their prior right of purchasing the same to the extent of their settlement," etc.    The words "actual settlers" as here used have received a literal construction.    Baker v. Millman, 77 Texas, 46.    We conclude, therefore, in view of the agreed statement, that Ash was in possession as an actual settler at the time the land was sold by Grimes County; that he secured the preference right to purchase guaranteed by the Constitution; and as he and his assignee both took the proper steps to make this right available, appellant acquired title to the four leagues subject to this right.

We are of opinion, that the mere fact that Ash had verbally agreed to transfer his right to appellee before the land was sold did not prevent him from being an "actual settler."    As no further settlement or residence on the land was required, we are of opinion that when his prior right to purchase was secured by actual settlement, and a tender in compliance with the terms of purchase prescribed and accepted by Grimes County, he could lawfully assign all his right and interest to appellee, who would be entitled to assert this right without himself settling upon the land.    That this provision of the Constitution applied to future settlers, as well as those who were residing on the land when it was adopted, has been expressly decided in the case of Baker v. Dunning, 77 Texas, 28.

These conclusions dispose of all the propositions of appellant submitted under the first assignment of errors.    The remaining assignment of error submits the proposition, that the order of the Commissioners Court approving the sale under which appellant claims is a judgment in rem, and therefore incapable of being impeached in a collateral proceeding.    It seems to us that this proceeding of the Commissioners Court should be regarded rather as an act of agency in the sale of land than the exercise of a judicial function.

It follows from these conclusions that the judgment must be affirmed.

*Affirmed.*

Delivered February 7, 1893.