## LOUIS CHESSER v. W. R. BAUGHMAN.

### Decided January 20, 1900.

**1. State School Land Purchase—Abandonment.**

One who has, as an actual settler thereon, purchased school land from the State, may, by permanently abandoning the possession thereof prior to the completion of the period of actual occupancy required by the statute, so waive his inchoate right to the land as to authorize a purchase of such land from the State by another person as an actual settler on it.

**2. Same—Intention—Question for Jury.**

Whether a voluntary removal from the land in such case was with the intention to permanently abandon it, was a question for the jury.

**3. Same—Actual Settlement—Residence of Married Man.**

The statutory definition of the place of residence of a married man as given in the law relating to elections, that is, "where his wife resides," should not be made the exclusive criterion in determining the question of his residence as an actual settler on State school land where the wife lives at another place, temporarily it may be, for the purpose of sending the children to school.

**4. Same—Preparation Not Sufficient.**

Mere preparation for settlement on State school land will not constitute an actual settlement thereon.

APPEAL from Knox. Tried below before Hon. S. I. NEWTON.

*J. M. Morgan, R. S. Holman,* and *Glasgow & Keenan,* for appellant.

*Stephens & Chase,* for appellee.

CONNER, CHIEF JUSTICE.—This is a suit by appellee, W. R. Baughman, against the appellant, Louis Chesser, to try title to two sections of State school land situated in Knox County, Texas. The petition is in the ordinary statutory form of trespass to try title, and the appellant answered by general demurrer, general denial, and plea of not guilty. The case was tried before a jury, and resulted in a verdict and judgment for appellee, from which this appeal is prosecuted.

The two tracts of land, sections 16 and 18, in block 4, Denver & Wichita Railroad Company surveys, are situated within a radius of five miles of each other, in Knox County. Both tracts are State school land, and prior to the date of the applications of either party were classified as dry grazing land, and placed on the market at $1 per acre.

On the 25th day of April, 1898, the appellant, Louis Chesser, made his application to purchase section 16 as an actual settler, and on the 10th day of September, 1898, made his application to purchase section 18 as additional land, both applications being accompanied by the payments required by law. His applications were accepted, and the lands duly awarded to him by the Commissioner of the General Land Office.

On the 26th day of November following the appellee, W. R. Baughman, made his application to purchase section 18 as an actual settler, and on the same day made his application to purchase section 16 as additional land, both applications being accompanied by the payments required by law. His applications were rejected because of prior sale to the defendant.

The evidence tends strongly to show the fact that appellee was an actual settler, within the meaning of the law, on said section 18 at the time of his said applications, and thereafter until some time in December, 1898, when appellant, Louis Chesser, obtained judgment against him in the Justice Court for the possession of the land. Appellee did not appeal the case, but moved off the land before any writ of possession against him was issued. He moved back to Benjamin with his family, and started his children to school. They attended school all the time until the school closed. When the school closed he was working on a public tank by contract, and would not have had time to move back before the term of court at which the trial occurred, after finishing his contract. He did not render the land in controversy for taxes when he rendered his other property for taxes for the year 1899, an explanation, however, for such failure being given. His business for several years has been what he calls "doing job work."

The defendant, Louis Chesser, also offered evidence tending perhaps to show that he was an actual settler on section 16 at the times of his said applications. He had section 16 leased at the time of his application to purchase, the contract with the State therefor not having expired at the date of his purchase, if any. Appellant was a married man, with a wife and several children.

The court's charge is attacked in several particulars by assignments of error that we think must be sustained. That the vice in the court's charge may be presented as a whole, it may be stated that in answer to an

interrogatory of the jury, after the cause had been submitted to them, the jury were instructed "that a married man who is living with his family, to be an actual settler in good faith upon State school land, as defined in subdivision 1 of the general charge given you, must be residing upon the land with his family as his home at the time he makes his application to purchase same."

The court also refused special charge number 1 requested by appellant, to the effect that even though the jury should find that appellee, Baughman, was in fact an actual settler at the date of his application to purchase, yet if they should "further find from the evidence that he afterwards voluntarily abandoned said claim to said land, you will find for defendant;" and in the third subdivision of his general charge instructed the jury that "where a judgment of the Justice Court is rendered ejecting a person from the occupancy of State school land, and he moves therefrom and brings his suit to recover the land, his removal therefrom does not affect his right thereto."

In view of the undisputed evidence that at the time appellant made his applications to purchase his wife and family were living in the town of Benjamin, and of the undisputed character of appellee's settlement at the time of his applications, and of the court's charge as to the effect of appellee's removal after judgment against him in the Justice Court, and of the refusal of the court to submit the issue of abandonment by appellee, such issue not being otherwise submitted, it can be seen that the verdict of the jury could not logically have been other than it was. Appellee was the actor. He must rely on the strength of his own title. Appellant was in actual possession under an award from the Commissioner of the General Land Office, and before it was incumbent on the jury to determine the question of appellant's settlement or its character, it was necessary to first determine, under appropriate instructions, the character of appellee's title, and we think appellant had the right to have the jury pass upon the issue of his abandonment, as requested. As was said by this court in the case of Coal Company v. Phillips, 21 Texas Civil Appeals, 293, "one having an incipient right to land, as a location or survey or other merely equitable title, not perfected into a grant or vested by deed, may abandon such inchoate right," and notwithstanding appellee, by his actual settlement and applications, may have acquired a right to have enforced recognition of his claim, or even a right to the land superior to one who was not an actual settler, yet continued actual occupancy was one of the conditions of ultimate title, and no legal reason existed why, if he chose to do so, he may not have abandoned his inchoate right as against one adversely contending. There was evidence tending to show a voluntary removal from the land in question, and if accompanied with the intent to abandon the land permanently, and his right thereto, and the jury should so find, he could not thereafter by virtue of such abandoned claim or right disturb one in actual possession under an award of sale by the Commissioner of the General Land Office.

We think the court erred in refusing to submit the issue to the jury; and in this connection we are of opinion that the effect of appellee's alleged abandonment after the rendition of the judgment in the Justice Court should not be limited, as was evidently done in the third subdivision of the court's charge. The jury were instructed, in effect, that in such case appellee's removal from the land did not affect his right thereto at all. We think the fact of his removal, the circumstances thereof, including the rendition of the judgment, may be considered by the jury, together with all other evidence relating thereto, in determining the question of abandonment vel non, and that the charge as given was clearly upon the weight of the evidence, and as such objectionable.

We also have been unable to approve subdivision number 1 of the general charge, hereinbefore quoted, and in view of another trial deem it our duty to briefly indicate our view thereof.

In the title pertaining to elections and the exercise of the elective franchise, the residence of a married man, if not separated from his wife, is defined to be "where his wife resides." Rev. Stats., art. 1733. No other definition of the residence of a married man is given in our statutory law, so far as we now recall. There is certainly no express definition given in the laws relating to the sale of school lands that makes the actual presence of the wife and family of a married man necessary to the "actual settlement" that is a condition precedent to the acquisition of title.

In Willoughby v. Townsend, 51 Southwestern Reporter, 335, the Court of Civil Appeals for the Third District sustained the finding of a jury to the effect that Townsend was an actual settler, though it appeared that his wife and family never lived on the school section there in controversy until some time after his application to purchase. True, this case was reversed and rendered by our Supreme Court, but on other grounds.

Frequent instances might be cited where it has been held by our courts that the residence or domicile of the wife is fixed by that of the husband.

We will not prolong this opinion by a further discussion of authority, but conclude by saying that in our judgment the definition of the residence of a married man, as given in our statute relating to elections, is not necessarily to be applied in determining whether one be an actual settler on school lands. The fact that a man's wife and family are living at some other place is a circumstance, and under certain circumstances of perhaps controlling effect, to be considered with all other evidence relating to the question of actual settlement. If there be no separation, and such absence be but temporary, and there exist the intention on the part of the wife and husband that they both, together with the family, shall at the earliest practicable moment permanently reside upon the land as their home, we do not think it can be held, actual settlement and occupancy being shown in the husband, that the rule inflexibly requires the actual presence of the wife. In such cases of course careful discrimination must be made between such acts on the part of the husband as are sufficient to constitute him an actual settler within the meaning of the

law and such as are merely preparatory. No mere preparation for actual settlement will be sufficient. There must be actual settlement in fact. But in all cases it is a question of fact determinable, like every other matter of fact, from all the legal evidence pertinent thereto.

For the errors indicated, the judgment below is reversed and the cause remanded.

*Reversed and remanded.*