## J. F. LEWIS V. JOHN SCHARBAUER ET AL.

### Decided July 3, 1903.

**1.—School Land—Actual Settlement—Evidence—Intention.**

Where plaintiff sued in trespass to try title for certain State school land for which he and defendant's vendor had each made application to purchase as an actual settler, and which had been awarded by the Land Commissioner to defendant's vendor, it was competent for plaintiff to prove that defendant's vendor was never an actual settler on the land with intent to make it his home, and that he had offered to sell it to another party, declaring that he could not afford to live on it, and had stated some three or four years previously that he could not afford to live in that county because he could make more money elsewhere.

**2.—Same—Abandonment—Charge.**

Where in such action, and upon an issue of abandonment of the land by defendant's vendor, the evidence was conflicting, a charge that "mere temporary absence for purposes of business or pleasure, from lands settled upon, would not constitute an abandonment of such land," was objectionable as on the weight of evidence, or as calculated, under the circumstances of the case, to mislead the jury.

Appeal from the District Court of Midland County. Tried below before Hon. W. K. Homan, Special Judge.

*A. S. Hawkins,* for appellant.

*Bryan & Whitaker* and *Camp & Caldwell,* for appellees.

CONNER, CHIEF JUSTICE.—Appellant, in trespass to try title, sought to recover sections 26, 36, 38 and 48 in block 40 of the public free school surveys situated in Midland County. The facts show that prior to January 1, 1902, said sections were held by virtue of a valid lease from the State owned by the Scharbauer Cattle Company, of which appellee John Scharbauer was the president. This lease, which also included certain other lands, was forfeited by the Commissioner of the General Land Office on December 30, 1901, for failure to make the fifth annual payment of interest, and notification thereof was received by the county clerk of Midland County on January 1, 1902. Appellee John Scharbauer forthwith made application to purchase section 38 as an actual settler thereon, and the other three sections as additional thereto; his applications, payments and obligations all being as required by law, and the lands were awarded to him by the Commissioner on January 13, 1902. On April 3d, thereafter appellant Lewis became an actual settler on said section 38, and as such also made application to purchase it, as well as the other three as additional. Thereafter, on May 1, 1902, appellee John Scharbauer by quitclaim deed conveyed the lands in controversy to appellee Philip Scharbauer, who forthwith executed and forwarded applications and obligations to become a substitute purchaser under article 4218k, Revised Statutes;

it not appearing, however, that he forwarded payment or money, if any was required. Thereafter on May 19, 1902, appellant made additional applications to purchase the lands in controversy.

All applications and obligations made by appellant, who is a qualified purchaser, are in due form, and were, together with the necessary first payments, duly transmitted to and received by the proper State officers, and it seems practically undisputed that he is entitled to recover if the award to appellee John Scharbauer be invalid. Appellant's contention is that John Scharbauer was never an actual settler upon said section with intent to make the same his home, and that hence he (appellant) is entitled to recover by virtue of his said application, etc., of April 3, 1902, and that, failing in this, there was an abandonment on the part of John Scharbauer, particularly on and after the date of his conveyance to Philip Scharbauer, and that the latter acquired no right by such conveyance or by his attempted substitution, because he did not become an actual settler within the meaning of the law nor forward to the State Treasurer the first payments required by law.

Upon the issues thus indicated appellant, among other things, offered to prove by one H. M. Pegues that on or about April 2, 1902, prior to the sale to Philip Scharbauer, John Scharbauer offered to sell the land in controversy to the witness, declaring that he, Scharbauer, could not afford to live on the land. Appellant also sought to elicit the same conversation on cross-examination of John Scharbauer, and by another witness that some three or four years previously John Scharbauer had stated that he could not afford to live in Midland because he could make more money elsewhere; that he had all the real estate in Midland he wanted, and that he never intended to live in Midland County again. All of this testimony was excluded by the court on objection that it was irrelevant and immaterial.

Regardless of the construction that should be given the decision in Logan v. Curry, 95 Texas, 664, 69 S. W. Rep., 129, we think the court committed reversible error as assigned in sustaining the objections urged to this testimony. We are further inclined to the opinion that the evidence mentioned in appellant's twenty-seventh assignment, of somewhat kindred nature, should also have been admitted. If John Scharbauer was not an actual settler within the meaning of the law on section 38, the awards to him were of no force. Schwarz v. McCall, 94 Texas, 10, 57 S. W. Rep., 31; Jones v. Bourbanais, 25 Texas Civ. App., 94, 60 S. W. Rep., 986; Wooten v. Rogan, 96 Texas, —, 7 Texas Ct. Rep., 208; Willoughby v. Townsend, 93 Texas, 80, 53 S. W. Rep., 581. Such settlement must have been in good faith, real, and not virtual or constructive. Rusk v. Lowery, 86 Texas, 128; Baker v. Millman, 77 Texas, 46; Lee v. Greene, 24 Texas Civ. App., 109, 58 S. W. Rep., 196; Jones v. Bourbanais, supra. And the evidence offered in our opinion tended to illustrate the character of settlement made.

The evidence on the issue of abandonment was also of conflicting tendency, and the court's charge to the effect that "mere temporary absence for purposes of business or pleasure, from lands settled upon, would not constitute an abandonment of such land," is apparently objectionable as upon the weight of the testimony, or at least under the circumstances of this case calculated to mislead the jury.

Other questions are presented, but in view of recent decisions and of another trial they are not likely to again arise, and hence will not be discussed. For the errors noted, however, the judgment is reversed and the cause remanded.

*Reversed and remanded*