STATE v. HALEY.

(Court of Civil Appeals of Texas. Austin. Jan. 3, 1912. Rehearing Denied Jan. 24, 1912.)

1. TRIAL (§§ 194, 240, 244*)—INSTRUCTIONS—CHARGE ON FACTS.

Where in trespass to try title to certain school land, the state's evidence conflicted with that of defendant as to the time of defendant's settlement, and tended to show that defendant had not settled at the time he made his application, and also negatived the bona fides of his settlement and occupancy of the land, the abandonment of his former home and the good faith of his settlement on the land in controversy, being sharply contested, instructions that a valid settlement on school land might be made in a tent, and the fact that defendant was the owner of a large body of other land and commodious improvements thereon, would not prevent his buying the land in question if, in purchasing it, he complied with the law as to settlement, residence, and improvements, was improper as argumentative, on the weight of the evidence, and as singling out particular facts and charging on their legal effect.

[Ed. Note.—For other cases, see Trial, Dec. Dig. §§ 194, 240, 244.*]

2. PUBLIC LANDS (§ 173*)—SCHOOL LAND—SETTLEMENT.

In trespass to try title to certain school land, an instruction that a valid settlement on such lands for the purpose of purchasing the same might be made in a tent was improper, as tending to lead the jury to believe that settlement in a tent was a compliance with the law.

[Ed. Note.—For other cases, see Public Lands, Dec. Dig. § 173.*]

3. TRIAL (§ 229*)—INSTRUCTIONS—BURDEN OF PROOF—REPETITION.

In trespass to try title, the court having already charged on the burden of proof, it was improper to give special charges that the burden was on the state to prove by a preponderance of the evidence all the facts necessary to entitle it to recover, and that the jury would decide all issues in the case according to the preponderance of the evidence, thus laying special stress on such question.

[Ed. Note.—For other cases, see Trial, Dec. Dig. § 229.*]

Appeal from District Court, Travis County; Chas. A. Wilcox, Judge.

Trespass to try title by the State against Lawrence Haley. Judgment for defendant, and plaintiff appeals. Reversed and remanded.

Jewel P. Lightfoot, Atty. Gen., and L. A. Dale and Sam D. Snodgrass, Asst. Attys. Gen., for the State. Chas. Rogan, Jas. H. Robertson, and W. Van Sickle, for appellee.

RICE, J. This is an action in trespass to try title, involving eight sections of public school land, situated in Brewster county. The state alleged that the defendant had not settled upon nor occupied the land as required by law. The defendant answered by general demurrer, general denial and plea of not guilty, and specially that he had in good faith resided upon said land for three consecutive years and has paid each installment of principal and all interest due the state of Texas thereon. The case was tried before a jury, resulting in a verdict and judgment in behalf of the defendant, from which this appeal is prosecuted.

[1] The first assignment of error complains of the following charge, given at the instance of the defendant: "A valid settlement upon school lands for the purpose of purchasing same may be made in a tent, and if the law is complied with in other respects, as explained in the main and special charges given you, it will entitle the purchaser to the land."

The second assignment insists that the court erred in giving the following charge at the instance of the defendant: "The fact that the defendant was the owner of a large body of land and commodious improvements situated thereon would not prevent his buying the land in question, if in the purchase thereof he complied with the law as to settlement and residence and improvements thereon, as explained in the main and special charges." It is urged in behalf of the state that these charges were upon the weight of evidence and argumentative, and singled out particular facts, charging upon the legal effect thereof.

The evidence discloses that the defendant was a ranchman, having settled in about 1881 within a few miles of the sections in controversy, where he had established his headquarters ranch, erecting thereon a commodious residence of some seven rooms, well furnished as a home, together with other permanent and substantial structures, used in connection with his business as a ranchman, and where he continued to reside until September, 1904, when he claims to have removed his residence to section 5 of the land in controversy. He claims that on the 4th of September, a week prior to making application for settlement upon this land, that he removed to section 5, carrying a tent, bedding, cooking utensils, etc., and that a short while thereafter he removed a house, consisting of a room 10 by 12 feet, in which he lived until the following May, when the same was burned, and that he thereafter erected another tent on the southwest corner of section 5, and some time thereafter built another small house at said point, where he continuously resided for a period of three years from the time of his first settlement thereon, and in other respects com-

plied with the provisions of the law upon this subject. It was shown, however, that most of his furniture had been left at his headquarters ranch; that he spent much of this period of time at said place, and continued to own and use the same for the purposes of his business. The evidence on the part of the state conflicted with his testimony relative to the time of settlement and tended to show that he had not settled at the time he made his application, and also negatived the bona fides of his settlement and occupancy of this land, as contended by him; so that the issue of abandonment by him of his former home, and the good faith settlement on his part on the land in controversy, was sharply contested. This being true, we think it was error, after the court in its main charge had fully stated the law upon the different phases of the case, to have given at the instance of appellee the charges above complained of. While it seems that a valid settlement upon school lands, for the purpose of purchasing the same, may be made in a tent, and while it is true that the ownership of a large body of other land, with commodious improvements thereon, will not prevent the owner from becoming the purchaser of public school land, if the law in other respects is complied with, still, we think it was improper on the part of the court in the state of the record, to have so instructed the jury. Such charge was argumentative, upon the weight of the evidence, and invaded the province of the jury and should not have been given. In Allen v. Frost, 31 Tex. Civ. App. 232, 71 S. W. 767, in defining an actual settler, the trial court charged that: "An actual settler on school land is one who has, in good faith, established his residence thereon for the purpose of making his home thereon. It is not necessary for him to have his wife or family on the land at the very time he makes such settlement, if in fact he has himself in good faith established his residence upon the land with the bona fide purpose and intention of making his home upon the land." Mr. Justice Speer, commenting upon this charge, said: "We are of opinion that it is subject to the criticism that it is upon the weight of the evidence, and therefore erroneous. As an abstract proposition of law, it is doubtless correct, but in determining the all-important question whether or not the appellee had, in good faith, established his residence upon the land, for the bona fide purpose of making his home there, the absence of the wife or the family is a pertinent circumstance for the jury's consideration, tending to a greater or less degree, according to the circumstances surrounding such absence, to disprove the bona fides of such settlement. The family's absence may be easily explained, and may have been in this case, yet the fact remains that it is for the jury and not the court to say."

So in the instant case, where the chief issue seems to have been the good faith of appellee's settlement upon and occupancy of the land in controversy, it seems to us that the fact that the defendant was the owner of a well-established ranch, with commodious residence and permanent improvements, together with the fact that in his new settlement mere tents and temporary structures had been erected, were circumstances that the jury might well consider for the purpose of disproving such good faith on his part in the settlement upon said land. At least, these facts and circumstances might furnish an argument, more or less cogent, tending to negative the good faith of his settlement, and it was therefore error upon the part of the court to give the charges complained of; because it was, in effect, stating to the jury that while such inferences might or could be drawn from the facts and circumstances in evidence, still, it was yet the law that a party could make a settlement upon school land in a tent, and was not prevented from so doing by reason of the fact that he possessed other lands, with commodious dwellings and improvements thereon.

[2] And the first charge was likewise objectionable on the ground that it could be taken by the jury as an intimation that the settlement in a tent was a compliance with the law. See Lewis v. Scharbauer, 33 Tex. Civ. App. 220, 76 S. W. 225; White v. Epperson, 32 Tex. Civ. App. 162, 73 S. W. 851; Chesser v. Baughman, 22 Tex. Civ. App. 435, 55 S. W. 132.

[3] The court gave at the instance of appellee the following charges: "(1) The burden rests upon the state to prove by a preponderance of the evidence all facts necessary to entitle it to recover. (2) The jury will decide all issues in this case according to the preponderance of the evidence." These charges are made the basis of the third assignment on the ground that the same unduly emphasizes the question of burden of proof and the preponderance of the evidence. The court having already charged upon this phase of the case in its application of the law to the facts, we think the charges given were subject to the complaint made, and hold that it was improper to repeat charges upon this phase of the case.

The fourth assignment is without merit, and is overruled.

The charge complained of in the fifth assignment we think is argumentative and upon the weight of evidence and ought not to have been given.

The sixth and seventh assignments are each overruled.

The remaining assignment is upon the facts, and in view of another trial we refrain from comment thereon.

For the reasons indicated, the judgment of the court below is reversed and the cause remanded.

Reversed and remanded.