## McWHORTER v. REYNOLDS, County Attorney, et al.

### No. 2202.

Court of Civil Appeals of Texas. Eastland.

Nov. 21, 1941.

John H. Banks and John Lee Smith, both of Throckmorton, for appellant.

E. G. Thornton, of Olney, for appellees.

GRISSOM, Justice.

This is an election contest by Mrs. McWhorter and others, against Judge B. F. Reynolds, County Attorney of Throckmorton County, and others. On June 22, 1940, an election was held in Elm Top Common School District No. 15 in Throckmorton County for the purpose of determining whether said district would be consolidated with the Throckmorton Independent School District. At this election 23 votes were cast for consolidation and 22 votes against consolidation. If Mrs. McWhorter had voted, she would have voted against consolidation and the election would have resulted in a tie.

Contestants asserted that Mrs. McWhorter was a resident of the Elm Top District and entitled to vote there, and that she was denied the right to vote at said election by the election officials. Upon a trial to the court, judgment was rendered for contestees, from which judgment Mrs. McWhorter has appealed.

As stated by the trial court, only two questions were presented upon the trial of the case, and all other questions were eliminated by agreement of the parties. Those questions were:

"Did contestant, Mrs. Della McWhorter, reside in Elm Top Common School District No. 15 of Throckmorton County, Texas on June 22, 1940, in a manner to comply with the residence requirements of our election laws?

"Was contestant, Mrs. Della McWhorter, denied the right to vote at such election by the election officials?"

The trial court filed, among others, the following findings of fact:

"Mrs. * * * McWhorter is the wife of Z. R. McWhorter. They have a son who is now, and has been for many years, in the Throckmorton Independent School District Schools, where * * * Mrs. * * * McWhorter, as the mother, has rendered such son for scholastic census purposes for many years, and as late as March 1, 1940, rendered him for scholastic purposes in the * * * Independent * * * District; and in said rendition for 1940

stated that she had resided in said Independent District for twenty-three (23) years.

"Z. R. McWhorter and * * * wife * * * own and have owned a residence located [in] * * * the city of Throckmorton * * * for many years prior hereto, and in 1935, in two different instruments, they designated such town property as their homestead, stating therein that they used and claimed it for their family homestead. Mrs. * * * McWhorter and her children live in such town property, and her husband, Z. R. McWhorter, is in town from the ranch every day, and usually takes one meal a day with her there, and spends most of the weekends there with his wife and children. Mrs. * * * McWhorter visits her husband at the ranch frequently and eats and sleeps there some. The son, Glenn, * * * stays at the ranch part of the time with his father, and comes in from the ranch to school in Throckmorton each day during the time he is staying with his father.

"Mrs. * * * McWhorter's individual personal property is located in the Elm Top * * * District * * * and she and her husband * * * both own ranch land in said Common School District. There is located on said ranch a house, fully equipped for living, where Z. R. McWhorter spends most of his time in running the ranch. He testified that he had considered the ranch his home since about January 1, 1939. *There has been no abandonment of the town property for residence purposes, and I find that the town property is where Mrs. Della McWhorter resides, and did reside at the time of the holding of the election in controversy, and that such town property is in the Throckmorton Independent School District and is not in the Elm Top Common School District No. 15.*" (Italics ours)

The trial court's conclusions of law were in substance that (1) Mrs. McWhorter did not reside in Elm Top District and was not entitled to vote in the said election, and, therefore, the result of the election declared by the Commissioners' Court was correct. (2) That in contemplation of the law Mrs. McWhorter was not denied the right to vote by the election officials.

The questions necessary to a decision of this appeal are variously stated in the briefs, but may be stated as follows: (1) Did Mrs. McWhorter prove conclusively that she was a resident of the Elm Top District, and (2), if so, did she so establish the fact that she was denied the right to vote by the election officials?

■ We have carefully studied the statement of facts. We conclude the testimony of Mr. McWhorter and others is definitely sufficient to authorize, if it does not compel, the court's finding that about two years prior to the election in question the residence of the McWhorters, within the meaning of the election law, was in the town of Throckmorton and outside of the Elm Top School District. Therefore, to compel a finding different from that made by the trial court as to the residence of Mrs. McWhorter, contestants were required to conclusively prove that Mrs. McWhorter since said time abandoned her residence in Throckmorton and acquired a residence on the McWhorter ranch in the Elm Top District. We are constrained to hold that such fact is not conclusively established. The record, at most, demonstrates such question was one of fact which has been resolved against contestants. A detailed statement of the testimony sufficient to demonstrate that Mrs. McWhorter's residence in Elm Top District was not established as a matter of law would extend this opinion to an unreasonable length, contrary to the spirit of Rule of Civil Procedure No. 452.

■ The intention of a person is to be considered in determining his residence under the election statutes where he seeks to vote outside the place of his actual physical residence, but the declaration of such intention by a person denied the right to vote is not conclusive of the question. Hill v. Mays, Tex.Civ.App., 278 S.W. 919; McBride v. Cantu, Tex.Civ.App., 143 S.W. 2d 126. There being evidence sustaining the trial court's finding that contestant did not reside in Elm Top District at the time of the election, such finding is binding upon this court. Fidelity & Deposit Co. v. First Nat. Bank of Teague, Tex.Civ.App., 113 S.W.2d 622; Hogg v. Waddell, Tex. Civ.App., 42 S.W.2d 488; Pippin v. Holland, County Attorney, Tex.Civ.App., 146 S.W.2d 266; Barker v. Wilson, County Attorney, Tex.Civ.App., 205 S.W. 543; Cantwell v. Suttles, Tex.Civ.App., 196 S.W. 656; Marsden v. Troy, County Attorney, Tex.Civ.App., 189 S.W. 960, 965; Mills v. Alexander, 21 Tex. 154, 162; Chesser v. Baughman, 22 Tex.Civ.App. 435, 55 S.W. 132, 134; Speer's Law of Marital Rights, 3rd Ed., 599; 16 Tex.Jur. 48; Art. 2958, R.S.1925.

Having sustained the trial court's finding that Contestant was not a resident of Elm Top District the second question becomes immaterial.

The judgment is affirmed.