## FRANK BORCHERS v. GEORGE S. MEAD.

### Delivered October 16, 1897.

**1. Public Lands—Settlement—Evidence of Intention.**

An unmarried man who carries with him to certain school land bedding and provisions, a heating stove, provender for his horses, a wagon bed, covered and made stationary to lodge in, and incloses the land with a barbed-wire fence, manifests a sufficient intention to become a bona fide settler thereon to entitle him to purchase the land as an actual settler under the Texas statute, if his subsequent conduct is in keeping with the purpose so manifested.

**2. Same—Same—Lease—Cancellation.**

One who has procured the cancellation of a lease of school land and the return of the unearned lease price, under the unfounded claim that he has a right to the land, under his purchase as an actual settler on other land, can not, in a controversy between him and a subsequent actual settler on such land, claim that the latter had acquired no right to purchase as an actual settler because the land was under lease.

**3. Same—Same—Question for Jury.**

Whether or not one is an actual settler on school land, so as to entitle him to purchase the same, is a question of fact for the jury.

APPEAL from Donley. Tried below before Hon. H. H. WALLACE.

*Duncan G. Smith,* for appellant.—Going upon the land and putting a small corral on it, and putting down inside the corral a wagon bed, with bedding and other articles, and leaving the land and only returning to it occasionally and spending a day or a night at a time, does not constitute one an actual settler under the law. Atkeson v. Bilger, 23 S. W. Rep., 415; Bush v. Lowrie, 86 Texas, 129-133; Burleson v. Durham, 46 Texas, 160; Turner v. Ferguson, 58 Texas, 10; Cravens v. Brooks, 17 Texas, 274; Baker v. Milliman, 77 Texas, 47-48.

*Browning & Madden,* for appellee.

STEPHENS, ASSOCIATE JUSTICE.—December 28, 1896, appellee, a single man, applied to the Commissioner of the General Land Office to

purchase as an actual settler a section of grazing land in the pasture of Rowe Bros., in Donley County, previously sold to appellant. His application was rejected, and this suit was brought January 21, 1897, to establish his claim to the land. Upon a verdict so finding, judgment was entered in his favor; hence this appeal.

The controlling question is, was he an actual settler? There being little or no conflict in the evidence, the answer may be found in the following excerpt from his testimony on cross-examination:

"I went and settled on the land in controversy on the 26th day of December, 1896. My uncle, Ed. Bennett, who lives about two miles from Clarendon, went with me to the land on the morning of December 26, 1896. We took dinner there that day. We put down a wagon bed on the land, and put up the bows on it, and put on a wagon sheet, and I put my bedding and a provision box with grub in it in the wagon bed. I set a small heating stove out on the ground near the wagon bed. We took a spool of barb wire and some cedar posts along. We inclosed the wagon bed with a fence made of cedar posts and three strands of barb wire. The inclosure is probably as large as half of the court house. It is a small inclosure. I put some kaffir corn and some sorghum inside the inclosure for feed. This was December 26, 1896. My uncle returned to Clarendon the same day, in the evening. I remained on the land till the next day, the 27th day of December, 1896, when I returned to Clarendon. On the 28th, the following day, I made my application to purchase the land in controversy as an actual settler. I have never made any other improvements on the land. In three or four days after I made my application to purchase the land I went back to the land, and remained on it till the next day, when I returned to Clarendon. In about a week [I went] to the land in the morning and took dinner there, and returned to Clarendon in the evening of the same day. Do not know how often I have been back to the land since that time. I can't tell. I have never been on the land more than a day and night at any one time. I have been engaged in breaking horses and mules for parties about Clarendon, since I filed on the land. My work has been breaking horses and mules. I have not put any further improvements on the land, because the Commissioner of the General Land Office refused to award me the land. I do not know where I got the money to make the first payment on the land. I have always had money. I have some money now. I have but little property. I have two horses and two mares and six head of cattle. I have no other stock. I have a wagon and harness. Since I put the wagon bed on the land and inclosed it by fence, I have used some planks on the wagon instead of a wagon bed."

We are unable to distinguish this case from Bush v. Lowrie, 86 Texas, 123, and Atkeson v. Bilger, 23 Southwestern Reporter, 415. Upon the authority of these cases, we therefore hold that appellee was not an "actual settler" as defined and construed in the opinion of Justice Brown in the case first cited, but that he had merely, to quote from his testimony, "filed on the land."

The judgment must therefore be reversed, and as the decision turns entirely upon the *effect* of his unquestioned acts, and his counsel would probably not want the case remanded, the judgment will be here rendered against him. We find no merit in the assignment raising other questions.

*Reversed and rendered.*

ON MOTION FOR REHEARING.

December 11, 1897.

STEPHENS, Associate Justice.—We have concluded to grant the motion for rehearing and affirm the judgment, being now of opinion that this case is distinguishable from those cited in the conclusions heretofore filed as authority for the disposition then made of the appeal.

Of the cases so cited, the decision in Atkinson v. Bilger, 23 Southwestern Reporter, 415, turned mainly upon its own peculiar facts, and need not be discussed.

In the other case, that of Bush v. Lowrie, 86 Texas, 123, which had controlling influence, the claimants were denied the rights of actual settlers upon the ground that the acts relied on by them to evidence such rights were merely acts of preparation for settlement, which had not been pursued to actual settlement when the applications to purchase were made. There the claimants were both married men, with families, and the preparations made were not such as to enable them to *then* and *continuously* thereafter live on the land, which they did not even undertake to do. No shelter of any sort was provided or attempted for their families, nor even the means of sustaining life out of doors. They merely went on the land, spent a few hours preparing it to move to, leaving all the means of living thereon behind them, and then went away, returning to their former places of abode.

In the case at bar, appellee, who was an unmarried man, carried with him to the land in dispute, as will appear from the quotation made in our former opinion from his testimony, all the essentials of a bachelor's life, such as "bedding, and a provision box with grub in it," a heating stove, provender for his horses, and a wagon bed, covered and made stationary, to lodge in; inclosing all with the formidable barb-wire fence. Having made the requisite preparations, he at once entered upon his "pursuit of happiness" in the new but crude habitation, by eating and sleeping on the land; having no other place of abode, and only leaving it, according to his version, for the pursuit of his business, that of horsebreaking. Whether all this was real or only colorable, whether his afterconduct was in keeping with his declared purpose so manifested, was for the jury, and we must accept their finding as conclusive.

As this conclusion leads to an affirmance of the judgment appealed from, we adopt as our conclusions of fact the statement of the material facts proven on the trial, as set forth in appellant's brief (beginning on

page 4 and ending near the top of page 14), which appellee accepts "as substantially correct," but which need not be copied here.

The first four assignments of error submitted in appellant's brief complain of the court's rulings in the admission of evidence. These were all carefully examined on the original hearing and overruled. By reference to the court's explanations appended to the bills of exception and the several Acts of the Legislature involved, it will be readily seen that there is no merit in these assignments.

The charge complained of in the sixth assignment (the fifth not being copied in the brief) seems to be entirely in accord with the provisions of the Act of 1895, section 11, pages 65, 67, the issue of abandonment being raised by the evidence under the plea of not guilty.

Under the seventh and tenth assignments it is contended that the land had not been classified and put upon the market, but if the evidence to the contrary, as set forth in appellant's statement of the material facts, was properly admitted, as we have already determined, the contention is not sustained by the record.

The proposition of the eighth assignment is, that there was error in refusing appellant's second special charge, because there was evidence tending to show that the land in controversy was under lease to Rowe Bros., and hence not on the market for sale to a single man. The evidence placed it beyond controversy that the lease to Rowe Bros. had been canceled and the unearned lease price returned to them before appellee undertook to acquire the land. This seems to have been done under the false assumption that appellant had acquired a right to the land under his purchase as an actual settler on other land, which was prior to appellee's application, when according to all the testimony he had never made any such settlement or even approximated it. If, then, the lease ought not to have been canceled, it is yet clear that it was in fact canceled, and that Rowe Bros. practically acquiesced therein, and became vendees of appellant. See, in this connection, Acts of 1891, section 15, page 180.

There was no error, as complained in the ninth assignment, in refusing to charge that "going upon the land and putting up a small corral on it, and putting down inside the corral a wagon bed, with bedding and other articles, and leaving the land and only returning to the land occasionally, and spending a day or night at a time, does not constitute one an actual settler under the law."

Whether or not one is an actual settler is a question of fact, and not of law, as was recently decided by us in Cordill v. Moore.

The charge was objectionable for other reasons, which need not be stated.

The eleventh and last assignment is too general.

*Rehearing granted, and judgment affirmed.*

Writ of error refused.