## J. S. CORDILL V. J. W. MOORE.

Delivered November 27, 1897.

**1. School Lands—Purchase—Conditions Precedent.**

As a condition precedent to the acquisition of title to public school lands under the Act of April 4, 1895, the land must have been placed upon the market, and a proper application must be made to the Commissioner of the General Land Office.

**2. Same—Same—Affidavit of Actual Settlement.**

An affidavit of actual settlement on school land can not be made before the classification of the land.

**3. Charge of Court—Weight of Evidence—School Land—Actual Settlement.**

In an action of trespass to try title to recover school land claimed by both parties under a purchase as an actual settler, the following charge is argumentative and upon the weight of the evidence: "A bona fide settler, within the meaning of the law, is one who in good faith has actually settled upon the land for the purpose of a home. It does not mean one who, by acts of preparation, merely manifests a purpose to settle thereon for the purposes of a home at some future time, but one who has already actually settled upon the land for a home. The word actual is used in the sense of real and not constructive or virtual settlement."

**4. Same—Undue Prominence Given Issue.**

In an action of trespass to try title to recover school land claimed by both parties under a purchase as an actual settler, the necessity of plaintiff showing himself to be an actual settler should not be repeated several times in the charge.

**5. School Lands—Application to Purchase—Time for Making.**

An application for the purchase of school lands may be made at any time after the land has been classified, although before the filing in the county of the notification of such classification and that the land is subject to sale.

APPEAL from Taylor. Tried below before Hon. T. H. CONNER.

*Kirby & Kirby* and *H. L. Bentley*, for appellant.—1. An application to purchase school land, made and sworn to at a time when the land is not on the market, confers no right. Acts 1895, sec. 5, p. 64; Cattle Co. v. Bruce, 78 Texas, 274; Snyder v. Nunn, 66 Texas, 259; Gammage v. Powell, 61 Texas, 629.

2. The court should not by repetition and reiteration or otherwise in his charge give undue prominence to any particular issue or proposition. Kraus v. Haas, 25 S. W. Rep., 1029; Powell v. Messer, 18 Texas, 401; Perez v. Everett, 73 Texas, 433; Heldt v. Webster, 60 Texas, 208; Traylor v. Townsend, 61 Texas, 147; Hays v. Hays, 66 Texas, 609; Fore v. Hitson, 70 Texas, 521; Railway v. Harriett, 80 Texas, 81.

3. The question as to whether or not there has been an actual settlement is one of fact for the jury, and the court should not, in his charge, state what does or does not constitute actual settlement. Walker v. Herron, 22 Texas, 61; Railway v. Hodde, 42 Texas, 470; Railway v. Murphy, 46 Texas, 367; Railway v. Hill, 71 Texas, 458; Campbell v. Trimble, 75 Texas, 270.

*J. M. Wagstaff* and *D. G. Hill*, for appellee.

TARLTON, CHIEF JUSTICE.—The appellant, J. S. Cordill, as plaintiff, brought this suit of trespass to try title against the appellee J. W. Moore, as defendant, to recover a section of land. The survey is one of the public free school sections, the legal title to which is in the State. Each party claims as a purchaser under the provisions of the Act of April 4, 1895. See Gen. Laws 24th Leg., p. 63.

After plea of not guilty, the defendant, by way of cross-action, asserted his ownership of the land in controversy, his actual settlement upon it at the date of the suit and at the time that it was put upon the market; and his purchase from the State; praying that the claim of the plaintiff be canceled, and that defendant be awarded his writ of possession.

The jury returned a verdict for the defendant, upon which judgment was rendered in accordance with his prayer.

Section 5 of the act in question contains the following provision: "When any portion of the said land has been classified to the satisfaction of the Commissioner, under the provisions of this act or former laws, such land shall be subject to sale, but to actual settlers only."  *  *  * Section 9 contains the following provision: "Any person desiring to purchase land in accordance with the provisions of this act shall forward his application to the Commissioner, describing the land sought to be purchased, which application shall be accompanied with the affidavit of the applicant in effect that he desires to purchase the land for a home, and has in good faith settled thereon."  *  *  *

It is thus manifest that, as a condition precedent to the acquisition of title under this act, the land must have been placed upon the market, and an application such as above described must have been made by the person desiring to purchase. In this case the undisputed evidence shows that the required classification was made and that the land became subject to sale on April 16, 1896; and further, that while the application of the appellee in terms purports to be in accordance with the provisions of the act, and while it bears date as of the 18th day of April, 1896, it was actually sworn to about the last of March, 1896, the affidavit serving both as an affidavit and an application.

By assignments of error complaining of the court's charge and of the verdict, the question is presented whether this application is in compliance with the law. We think that it is not. Manifestly the law does not contemplate that an affidavit of actual settlement, necessary to a valid application, made before the land was subject to sale, would suffice as a basis for title under the terms of this statute. The affidavit stating the desire of the applicant to purchase the land for a home, and his settlement in good faith must be made at a time when the land is subject to sale, and hence after its classification. Kentucky Cattle Co. v. Bruce, 78 Texas, 274; Snyder v. Nunn, 66 Texas, 259; Brown v. Shiner, 84 Texas, 511. It might be true that when the affidavit was made, in March, 1896, the applicant was an actual settler, and yet not true that such a condition existed on April 17, 1896, after the land became subject to sale.

This conclusion will require a reversal of the judgment; but as complaints are elsewhere made of the charge of the court, we deem it proper, in view of another trial, to briefly advert to the features to which objection is made—without deciding, however, whether these features in themselves would require a reversal.

The court thus defined an actual settler: "A bona fide settler, within the meaning of the law, is one who in good faith has *actually* settled upon the land for the purpose of a.home. It does not mean one who by acts of preparation merely manifests a purpose to settle thereon for the purposes of a home at some future time, but one who has already actually settled upon the land for a home. The word actual is used in the sense of *real*, and not *constructive*, or virtual settlement."

We think that the negative feature at least embodied in this definition is suggestive of argument, and under the evidence in this case might be regarded by the jury as an intimation that the court entertained the opinion that the acts of the appellant did not constitute a settlement, within the meaning of the law, but were acts of preparation merely; and that to this extent the charge violates the rule forbidding an instruction upon the weight of the evidence. Mayo v. Tudor's Heirs, 73 Texas, 471.

It is true that the definition accords with the views and expressions of our Supreme Court (Rusk v. Lowery, 86 Texas, 132; Baker v. Milman, 77 Texas, 46); but the scope of a judicial opinion, expounding the law of the subject considered, is naturally more extended that that of an instruction to a jury, so that language apt and apposite in the one may easily become misleading in the other. It is questionable whether any definition of the term "actual settler" should be given in the charge. Like the expression, "reasonable doubt," the words so import their own meaning that an attempt to enlarge upon them would probably confuse and mislead.

We think that the court's instruction in another aspect is subject to the criticism that it too frequently repeats the necessity imposed upon the plaintiff of showing himself to be an actual settler. It would be sufficient that the charge should once and in effect impose upon the plaintiff the burden upon this issue. Railway v. Harriett, 80 Texas, 81; Blum v. Strong, 71 Texas, 321.

The testimony would not justify us in concurring with the appellee that a verdict in favor of plaintiff would have been without support in the evidence.

We also overrule the appellee's proposition that the plaintiff's application should be deemed insufficient, because made before the filing in Taylor County of the notification by the Commissioner of the General Land Office of his classification of the land, and that it was subject to sale. The plaintiff's application was after the classification had been made in accordance with section 5 of the act. We do not think that the notification prescribed in section 6 is essential to the efficacy of the classification, or to the putting of the land upon the market.

*Reversed and remanded.*