## J. R. HAMILTON v. W. L. McAULEY.

### Decided November 27, 1901.

**1.—Evidence—Certificate of Commissioner.**

A certificate by the Commissioner of the General Land Office that a certain survey had been sold to an actual settler and the sale afterward canceled on account of abandonment was not admissible to impeach the title of one applying to purchase it between the date of sale and that of abandonment as shown by such certificate.

**2.—Same—Certifying to Conclusions.**

The Commissioner is authorized by law to certify to copies of his records. or to facts that appear from the records; but his certificate to a sale having been made is rather his conclusion from a combination of facts,—the many steps to be taken by a purchaser to acquire title,—and is not admissible as evidence.

Appeal from Runnels. Tried below before Hon. Jno. W. Goodwin.

*Sims & Snodgrass,* for appellant.

Appellant's assignment of error upon the exclusion of the testimony of witness Towner was as follows:

The court erred in refusing to permit W. L. Towner, county clerk, to testify before the jury as follows: That he is now, and was during 1899, county clerk of said Runnels County, Texas, and custodian of the records of said county, and about July 7, 1899, he received from the Commissioner of the General Land Office of the State of Texas, and had when he usually posted in a book (can't say whether this was posted. or not) kept in his office for that purpose some statement of a cancellation of a sale of some kind concerning this land in controversy in this suit, but can't remember the precise nor all the statements or contents of that statement or letter. Mr. Sims called my attention to the matter several times, and mentioned or requested that I record same, I think a term or two of court. I don't remember to have recorded same, at least I can't find any record of the same. I just had posted in a book several such matters relating to school land classification, awards or notifications of sale, etc. I have, upon request of counsel for defendant, looked for and searched for among the papers and documents of and in. my office, and am unable to find said letter and documents, and same is not in my possession now. The defendant was entitled to the said testimony in connection with the testimony of C. S. Woodward and H. T. Sims, and other facts and circumstances in this case, and to show, and which would tend to show and prove in connection with other testimony offered by defendant that said land was not on the market when plaintiff made application to purchase same, but was sold to one A. J. Moore, and was afterwards forfeited July 7, 1899, again placed on the market and was lawfully on the market July 10, 1899, when defendant applied to purchase same. The evidence was material, and should have been admitted.

*Jno. I. Guion* and *M. C. Smith,* for appellee.

FISHER, Cʜɪᴇғ Jᴜsᴛɪᴄᴇ.—This is an action by appellee, McAuley, in trespass to try title, for the recovery of survey No. 808, State school land, located by virtue of certificate 3-132, G. H. & H. Railway Company, situated in Runnels County.

Appellant answered by general demurrer, general denial, and plea of not guilty, and specially pleaded the fraudulent purchase by appellee from the State, and alleged that the land was not on the market at that time. Verdict and judgment below were in favor of the appellee.

Plaintiff's title consists in the ownership of a pre-emption claim of 160 acres, patented to one W. G. Green on March 10, 1888, which was, by deed of date January 25, 1889, conveyed to appellee. The land in controversy, school section No. 808, is situated within five miles of the above described land; and was on the 21st day of August, 1897, and prior thereto, a part of the school land of the State of Texas, and was on that date duly and legally classified as dry grazing land and appraised at $1 per acre; and was by the Commissioner of the Land Office, on August 21, 1897, duly listed with the county clerk of Runnels County, and placed on the market for sale.

On the 10th day of May, 1899, and prior thereto, the appellee was the head of a family and actually residing upon his pre-emption claim as his home with his wife and children, and upon the last named date he made his application in due form to purchase school section No. 808 as additional land, which application was filed in the General Land Office on the 11th day of May, 1899, and the award of the land was made to the appellee by the Commissioner of the Land Office on the 22d day of July, 1899. On May 10, 1899, the appellant in due form, at the time he made his application to purchase the land in controversy, accompanied the same with the oath required by the statute, and executed his obligations for the payment of the purchase money in the terms required by law, and has made all payments of principal and interest as required, all of which, together with the obligations, were received and accepted by the officers charged with the custody of such papers and with the collection of such payments.

There is in the record evidence of an application by appellant to purchase the land in controversy made subsequent to the date of appellee's application, but before the actual award to him by the Commissioner of the Land Office. Appellant's application was accompanied with the proper oath, showing that he was the head of a family and intended the land as his home, and that he had actually settled upon the same. It is also shown that he executed the obligations and made the payments required.

The sixth assignment of error complains of the charge of the court in instructing a verdict in favor of the plaintiff. The facts as above stated authorized such instruction. These facts are sufficient to estab-

lish title in the plaintiff. They were not seriously contradicted, nor was there any evidence tending to establish title in appellant superior to that of appellee.

The first assignment of error complains of the ruling of the court in declining to admit in evidence a certificate of the Commissioner of the Land Office, offered by the appellant, in effect showing that the land in controversy had been, previous to the application of appellee, sold to one A. J. Moore as an actual settler, and was canceled by the Commissioner on account of abandonment on July 7, 1899, and was placed on the market, without change of classification, July 7, 1899. The object and purpose of this evidence was to show that at the time that appellee applied to purchase the land it was not on the market. Plaintiff's objections to this certificate, which were sustained, are, because it was not admissible for the purpose of showing a valid and legal sale to Moore; that it was not the best evidence of that fact nor of the abandonment by Moore; and because it states the conclusion of the Commissioner.

The certificate does not purport to set out the facts as appeared from the records of the Land Office which constituted a sale to Moore; but is simply to the effect that the land in controversy was, on November 3, 1897, sold to A. J. Moore as an actual settler upon his application to purchase the same under the Act of May 19, 1897; which sale was canceled for abandonment on July 7, 1899, and states that these facts are shown by the records of his office.

We think the objections to this certificate were well taken. A bare certificate of the Commissioner of the Land Office to the effect that land has been sold is the conclusion or opinion of the Commissioner, based upon the many steps that must be taken by the purchaser of school lands in order to acquire title. In pursuance of the provisions of the law upon that subject, the Commissioner of the Land Office may furnish a certified copy of his records, or a certificate stating any facts that appear from his records, which under the statute may, in a proper case, serve as evidence; but we know of no case that goes to the extent of authorizing the certificate of the Commissioner, stating his conclusion from the combination of facts that appear from records in his office, to be used as evidence of title. Buford v. Bostick, 58 Texas, 67; Smithwick v. Andrews, 24 Texas, 495. This certificate is all of the evidence which was offered to show that the land had been, prior to the application of appellee, sold to other parties and thereby withdrawn from market. It is shown by the facts that the lands were placed upon the market, and unless they were withdrawn by the sale to Moore they continued to remain upon the market for sale and were in that condition when the appellee made his application to purchase.

We have examined into the assignments of error which relate to the action of the court in refusing to permit the witness Towner to testify, and the remaining assignments of errors, and conclude that they are not well taken. Therefore the judgment of the court below is affirmed.

*Affirmed.*