## B. F. Allen v. Dade Frost.

### Decided January 17, 1903.

**1.—School Land—Actual Settlement—Charge on Weight of Evidence.**

In an action where the all-important question for the jury was whether defendant had in good faith settled upon the school land in controversy for the purpose of making it his home, it was error, as being on the weight of evidence for the court to charge that "an actual settler on school land is one who has in good faith established his residence thereon for the purpose of making his home thereon. It is not necessary for him to have his wife or family on the land at the very time he makes such settlement, if in fact he` has himself, in good faith, established his residence upon the land with the bona fide intention of making his home there."

**2.—Same—Application—Time of Settlement.**

Where an application to purchase school land as an actual settler thereon was sworn to and mailed to the Commissioner while the applicant was on his way to the land, this was sufficient, he having reached and made settlement on the land on the same day, and being a settler on it when his application was received and took effect by being filed in the Land Office, and no rights of third parties having intervened.

**3.—Same—Special Issue—Payment.**

Where the action involved conflicting rights of applicants to purchase a tract of State school land, and the case was submitted to the jury on special issues, it was error for the court to refuse to submit to the jury, upon request so to do, the issue of whether defendant made a tender to the State Treasurer of the first payment due under his application, and this even though defendant's evidence on that point had been uncontradicted, since it was necessary for the jury to find on that issue before the court could properly render its judgment.

Appeal from the District Court of Stonewall. Tried below before Hon. P. D. Sanders.

*Woodruff & Hughes,* for appellant.

*H. G. McConnell,* for appellee.

SPEER, Associate Justice.—B. F. Allen, the appellant, filed this suit originally in the District Court of Stonewall County, in action of tresspass to try title, to recover from Dade Frost, the appellee, section No. 342, in block D, situated in said county, and located by virtue of certificate No. 29-2153, issued to the Houston & Texas Central Railway Company. Appellant applied to purchase the land in controversy, which is State school land, as additional land, making his application therefor on the 20th day of January, 1900, which application was filed in the General Land Office of the State on the 26th day of the same month. On March 20th following the land was duly awarded him by the Commissioner of the General Land Office, and all payments of principal and interest due the State under said application and award have been made.

The appellee defended by pleading the general issue, and plea of not guilty. He made an application to purchase the land in controversy

as an actual settler on November 7th, 1899, and the same was filed in the General Land Office on the 11th day of said month. The trial was had before a jury upon special issues submitted by the court, and a judgment entered for the appellee Frost, hence this appeal.

Appellant's first complaint is of the following definition of actual settler given by the court in its charge to the jury, viz: "An actual settler on school land is one who has in good faith established his residence thereon for the purpose of making his home thereon. It is not necessary for him to have his wife or family on the land at the very time he makes such settlement, if in fact he has himself, in good faith, established his residence upon the land, with the bona fide purpose and intention of making his home upon the land."

We are of opinion the charge is subject to the criticism that it is upon the weight of the evidence, and therefore erroneous. As an abstract proposition of law it is doubtless correct, but in determining the all-important question of whether or not the appellee had in good faith established his residence upon the land with the bona fide purpose of making his home there, the absence of the wife or family is a pertinent circumstance for the jury's consideration, tending to a greater or less degree, according to the circumstances surrounding such absence, to disprove the bona fides of such settlement. The family's absence may be easily explained, and may have been in this case, yet the fact remains that it is for the jury, and not the court, to so say. Chesser v. Baughman, 55 S. W. Rep., 132; Cordill v. Moore, 17 Texas Civ. App., 217, 43 S. W. Rep., 298; Borchers v. Mead, 17 Texas Civ. App., 32, 43 S. W. Rep., 300; Mayo v. Tudor's Heirs, 74 Texas, 471.

It appears that in answer to one of the interrogatories submitted to the jury they answered that appellee was not an actual settler upon the land described, at the time he subscribed and swore to his application on November 7, 1899, but from another answer to a further question propounded, that he was an actual settler on the land at a later hour of that day. The evidence disclosed that appellee, when upon his way to the land for the purpose of making settlement upon it, turned aside to the county seat and prepared the necessary application, and subscribed to the necessary oath, and deposited them in the postoffice, properly addressed, postage paid, to the Commissioner of the General Land Office, at Austin, Texas, and then continued his journey toward the land, reaching it before sundown of that day. And it is still further found by the jury that appellee was an actual settler upon the land upon the 11th day of November, 1899, the day upon which his application was filed in the General Land Office. The fact that the application was sworn to a few hours before the settlement was made would not render the same invalid, since the settlement having been made at a later hour on the same day, and no rights of appellant having intervened, the affidavit was a substantial compliance with the law, and was literally true when the same was filed in the Land Office, the date from which the application becomes effective. Lester v. Elliott, 26

Texas Civ. App., 429, 63 S. W. Rep., 916; McGee v. Corbin, 96 Texas, 472, 70 S. W. Rep., 79.

Appellant prepared and asked the court to submit to the jury for its finding the special issue as follows, to wit: "Did Dade Frost make a tender to the State Treasurer of the State of Texas of the first payment, $16, under his application to purchase section No. 342, block D, Houston & Texas Central Railway Company, grantee, land in Stonewall County, Texas, as an actual settler of date November 7, 1899?" The case having been submitted on special issues, it was error to refuse to submit this one. It was a material part of appellee's defense upon which it was necessary for the jury to find before the court could properly render its judgment. It could make no difference should the great preponderance of the evidence support appellee or even that he is uncontradicted in this particular, it is one of the issues in the case upon which appellant is entitled to a finding of the jury. Rev. Stats., art. 1331; Railway v. Botts, 22 Texas Civ. App., 609, 55 S. W. Rep., 515; Stephenson v. Chappell, 36 S. W. Rep., 482; Moore v. Moore, 67 Texas, 293; Waller v. Liles, 96 Texas, 21, 5 Texas Ct. Rep., 720; Ablowich v. Bank, 95 Texas, 429, 67 S. W. Rep., 79.

We suggest, but do not decide, that the certificate of tender from the State Treasurer's office was improperly admitted in evidence. See Hamilton v. McAuley, 27 Texas Civ. App., 256, 65 S. W. Rep., 205; White v. Pyron, 23 Texas Civ. App., 105, 62 S. W. Rep., 82.

For the errors discussed the judgment is reversed and the cause remanded.

*Reversed and remanded.*