E. P. TAYLOR v. J. R. LEWIS ET AL.

Decided February 26, 1905.

1.—School Land—Settlement—Validating Act—Additional Land.

Where L. was not an actual settler on his home section at the time of his application to purchase additional lands, but did make sufficient settlement upon the land within six months thereafter, and prior to January 1, 1899, the curative Act of 1899, commonly known as the Decker Healing Act, made valid the award to him of the additonal lands, as well as of the home section. Spence v. Mitchell, 96 Texas, 43 (Spence v. Dawson, 70 S. W. Rep., 73), distinguished.

2.—Same—Actual Settlement—Sufficiency of.

Evidence of actual settlement upon school land by a single man, who worked elsewhere during the time, considered, and held sufficient to support a finding of actual settlement.

**3.—Same—Sale to Minor—Validation.**

Even if the sale of the school land to L. was void because he was at the time a minor, it was validated by the Act of 1899 (Gen. Laws 1899, p. 259, ch. 150), and the further fact that L., after reaching his majority, evidenced the affirmance of his purchase by continuing to occupy the land. Watson v. White, 26 Texas Civ. App., 442, and Johnson v. Bibb, 32 Texas Civ. App., 471, followed.

**4.—Same—Three Years' Occupancy—Death of Settler.**

Where an actual settler upon school land dies before the completion of the three years' term of occupancy, it seems that, after the expiration of three years from the date of his settlement, the question of the requisite settlement and occupancy of the land can not be raised by a subsequent applicant to purchase it from the State, the case then being the same as if a certificate of three years' occupancy had been duly issued by the Land Commissioner, but on this point a majority of the court express no opinion.

Appeal from the District Court of Nolan. Tried below before Hon. Jas. L. Shepherd.

*W. L. Grogan, F. G. Thurmond* and *Cunningham & Oliver,* for appellant.—1. Actual settlement to be sufficient, must be proven by evidence of settlement together with other facts and circumstances showing an intention to make the premises a home. Merely reducing the premises to possession is not sufficient. Thomas v. Hubbard, 69 S. W. Rep., 649; Busk v. Lowrie, 86 Texas, 129, 23 S. W. Rep., 983; Atkeson v. Bigler, 4 Texas Civ. App., 99, 23 S. W. Rep., 415; Jordan v. Payne, 45 S. W. Rep., 189; Renner v. Patterson, 51 S. W. Rep., 868; Lee v. Green, 58 S. W. Rep., 196.

2. The validating act of May 27, 1899, was not intended to and does not validate lands bought as additional lands, no settlement being required on them. Spence v. Dawson, 70 S. W. Rep., 73.

3. A sale of school lands made under the law in force in 1898, to one not an actual settler thereon, and to one also a minor under the age of twenty-one years, is void. Dupree v. Duke, 70 S. W. Rep., 561; Adams v. King, 66 S. W. Rep., 484; State v. Rogan, 54 S. W. Rep., 1018.

*Beall & Beall,* for appellees.—1. The very moment that an applicant goes upon State school land as an actual settler with the intention of making same his home from that time on, he becomes an eligible purchaser, and when it is shown that such applicant had gone upon the land with such effects as pertained to his peculiar demands for the occupancy thereof, at the date of his application for such land; with the intention of making same his home, he thereby becomes a legal purchaser of such land, and his application when made in the terms of the law for such land, takes such land off the market. Borden v. Meade, 43 S. W. Rep., 122; Prince v. Bates, 7 Texas Ct. Rep., 709; Goethal v. Read, 9 Texas Ct. Rep., 855.

2. If said Lewis was not a settler, yet the validating statute, as well as the time intervening between the date of his purchase and the date of the appellant's applications, cured such defect, and the Lewis title was valid and subsisting at the date of the appellant's attempted pur-

chase of said lands. Strickle v. Tuberville, 4 Texas Ct. Rep., 779; Johnson v. Bibb, 7 Texas Ct. Rep., 944.

3. A sale of school lands to a minor 18 years of age, under the Acts of 1895-7, was valid, and the question of occupancy can not be raised after the expiration of three years after such sale by one whose rights did not attach prior to such expiration date. White v. Watson, 9 Texas Ct. Rep., 62, and authorities there cited; Foster v. Berry, 9 Texas Ct. Rep., 724; Lamkin v. Malsler, 7 Texas Ct. Rep., 278.

SPEER, ASSOCIATE JUSTICE.—Appellant instituted this suit in trespass to try title to recover from apellees, J. R. Lewis and wife, the heirs of J. C. Lewis, deceased, school sections 214, 42, 58 and 16, block 1a, H. & T. C. Ry. surveys in Nolan County, Texas. A trial was had before the district judge, resulting in a finding and judgment in favor of the appellees.

The four sections of land in controversy were awarded to John C. Lewis, deceased, by the Commissioner of the General Land Office, October 8, 1898, upon applications dated August 17, 1898, and August 27, 1898, respectively. Appellant's applications, which were rejected on account of the previous sale to deceased, were made more than three years after the award to deceased. John C. Lewis, the deceased, was a minor at the time of his applications to purchase, but at the date of his death, which occurred in June, 1901, he had reached his majority, being then about twenty-one and a half years of age.

The trial court found that deceased was not an actual settler upon the section applied for as a home section at the time of making his application, but that within six months thereafter, to wit; about September 1, 1898, he did make a sufficient settlement upon the land, and that such application to purchase having been made prior to the first day of January, 1899, the statute, commonly known as the "Decker Healing Act," made valid the award to him. The finding of fact and conclusion of law are attacked and made the grounds of appellant's first and second assignments of error.

It is insisted that the curative Act of 1899 could at most affect only section 16, which was awarded to deceased as his home section; in other words, that the Act is not applicable at all to lands purchased as additional lands. The case of Spence v. Mitchell, 96 Texas, 43, 70 S. W. Rep., 73, decided by our Supreme Court, is cited as authority for this contention. True, the language contained in that opinion, to the effect that "the statute does not seem applicable to a purchaser of additional lands, since settlement of such purchaser is not required," lends color to appellant's insistence, but when considered, as it should be, in the light of the facts of the case then before the court, it does not require us to hold that the purchase of the three sections awarded to the deceased as additional lands to his home section was not validated by his settlement upon his home section within the time prescribed by the Act. The case under review was one in which a person to whom additional lands had been awarded transferred a part of such additional lands to another, who settled on the same within the six months, but failed to pay the first installment of the purchase money. This purchase, it was held, was not validated by the Act in question. In the present

case the deceased's application for his home section was made on August 17, 1898, and for the additional sections, on August 27, 1898, and all were awarded to him on October 8 following. If by making actual settlement upon his home section within six months after the date of his application to purchase same, the sale based thereupon was validated by the operation of the statute referred to, we see no reason for holding that the sale of the additional lands based upon the ownership of such home section was not also validated. It would seem to follow that if the sale of the home section was validated, such validity dated from the time of his application to purchase, and that it would be a sufficient basis to support the award of the additional lands.

Upon the question of the sufficiency of the evidence to support the court's finding that the deceased made a settlement upon the land within six months from the date of his application to purchase, a majority hold that such finding is warranted by the evidence in the record. The evidence indicates that within two or three weeks after making application to purchase his home section, the deceased hauled lumber from the town of Sweetwater and erected a small house upon the land. In this he placed such furniture, cooking utensils, and provisions, as were necessary to enable him to live upon the land. Several witnesses testified to his cooking and sleeping there and making it his home. It is in evidence that shortly after building his house, being unmarried, he went to work for his father who was living in the town of Sweetwater, at $20 per month, to attend to the latter's Hereford cattle, but the father testified, and in this he was supported by the testimony of a number of others, that the deceased made a number of trips back to his settlement, where he would spend the night, upon the land. The deceased never married, and never acquired, nor attempted to acquire, any other home from the date of his application to the time of his death. Borchers v. Meade, 17 Texas Civ. App., 32, 43 S. W. Rep., 300. A different conclusion by the judge would, however, have found ample support in the testimony.

It is also insisted that the sales to the deceased were void because of his minority. But upon this question we see no reason to depart from our conclusions in former cases. Watson v. White, 26 Texas Civ. App., 442, 64 S. W. Rep., 826; White v. Watson, 34 Texas Civ. App., 169, 9 Texas Ct. Rep., 62; Johnson v. Bibb, 32 Texas Civ. App., 471, 75 S. W. Rep., 71. Moreover, in the present case the deceased had reached his majority before his death, and evidenced the affirmance of his purchase by continuing to occupy the land.

To the mind of the writer there is yet another reason why appellant should not be allowed to recover in any event. Article 4218j, Sayles' Civil Statutes, provides: "All sales shall be made by the Commissioner of the General Land Office, or under his direction, and he shall prescribe suitable regulations whereby all purchasers shall be required to reside upon as a home the land purchased by them for three consecutive years next succeeding the date of their purchase, except when otherwise provided. Such regulations shall require the purchaser to reside upon the land for three consecutive years herein mentioned, and to make proper proof of such residence and occupancy to the Commissioner of the General Land Office within two years next after the expi-

ration of said three years, by his affidavit, corroborated by the affidavits of three disinterested and credible persons, to be certified by some officer authorized to administer oaths, and on making such proof the Commissioner shall issue to the purchaser, his heirs and assigns, a certificate showing that fact. . . . "It has been held that the certificate of occupancy issued under this statute is conclusive proof of settlement and occupancy as against one whose rights accrued subsequent to the issuance thereof. Logan v. Curry, 95 Texas, 664, 5 Texas Ct. Rep., 250. Indeed, the reasoning in that case tends to support the contention that after the lapse of three years from the date of the award a purchaser's settlement becomes incontestable, even where the certificate provided for by the statute has not issued. But in the present case not only had the three years elapsed, but prior to the applications of appellant, John C. Lewis had died. In article 4218l, Sayles' Civil Statutes, it is provided: "If any purchaser shall die his heirs or legal representatives . . . shall be absolved and exempt from the requirement of settlement and residence thereon."

Now, it is clear upon the death of Lewis before the expiration of his three years' occupancy, the same could not be completed in any of the methods prescribed or allowed by statute. By virtue of the provisions last quoted, his heirs and legal representatives are absolved and exempt from such requirement. If in such case the three years' occupancy is not required, then proof of three years' occupancy is necessarily not required. No other form of proof, nor proof of occupancy for any other term of years, is anywhere required or authorized by statute. It follows from this that the deceased, and the appellees as his heirs and legal representatives, in the matter of settlement and occupancy, have done all that is required of them by law to entitle the latter, upon the payment of the balance of the purchase money, to the issuance of the patent. This being true, the writer is of the opinion that the sale can not be attacked by the appellant. At best, the prescribed certificate of occupancy is but a muniment of title by force of the statute authorizing its issuance. In case the purchaser dies before the completion of such occupancy no proof is required or certificate authorized, and the title of such purchaser, especially after the lapse of three years, should be held to be valid as against an attack for non-settlement by one whose claim originated thereafter. If· this is not true, then the matter would be open to such attack at least until the issuance of the patent, which might be forty years. This is unreasonable. Logan v. Curry, supra. The Legislature evidently meant that the death of a purchaser should put an end to all inquiries into his settlement and occupancy; for the reason that, since the question of settlement is so largely one of intention, it would be productive of much injustice, if not of actual fraud and perjury, to permit an attack upon it after the death of the purchaser who alone best knows the facts. The writer therefore believes, that, as the proof of occupancy followed by the certificate of that fact is made conclusive upon the question of settlement and occupancy in favor of the living purchaser, so also the death of a purchaser is made conclusive upon that question in favor of his heirs and legal representatives,

Upon this last feature of the case the other members of the court express no opinion.

The assignments of error are all overruled and the judgment is affirmed.

*Affirmed.*

Writ of error refused.