## LASATER v. POAGE.　(No. 6431.)

(Court of Civil Appeals of Texas. Austin. March 8, 1922. Rehearing Denied March 29, 1922.)

1. Trial ⬅️350(4)—Error to refuse issue whether defendant contracted to pay commission.

Where in an action for broker's commission whether defendant contracted to pay a commission was under the pleadings and evidence a material issue under Rev. St. 1911, arts. 1971, 1985, it was error to refuse defendant's requested issue, "Did defendant contract to pay a commission for the sale or the reasonable value of the service."

2. Trial ⬅️350(4)—Error to refuse issue as to reasonable value of broker's services.

In an action for broker's commissions, refusal of requested issue that if defendant agreed to pay the reasonable value of the services, "then what amount do you find from the evidence would be reasonable value thereof," was error.

Appeal from District Court, Irion County; C. E. Dubois, Judge.

Action by R. D. Poage against R. M. Lasater. From judgment for plaintiff, defendant appeals. Reversed and remanded.

Blanks, Collins & Jackson, of San Angelo, for appellant.

BRADY, J. Appellee sued appellant to recover for services as a real estate agent in selling certain lands for appellant. In addition to the usual averments, appellee alleged that appellant had agreed to pay him 5 per cent. commission on the sale price of $25,000, and, in the alternative, that appellant agreed to pay him a commission, and that the usual and customary commission in the community in which the land was situated was 5 per cent. of the selling price. In either event he prayed judgment for 5 per cent. commission.

Appellant answered by general denial, and specially averred that he had never listed the lands with appellee, but had agreed to pay him for his trouble in selling the land, not expecting, however, to pay more than $100 or $150. He also alleged that before any sale was effected by appellee he withdrew his lands from the market, and notified appellee of such fact; that the subsequent sale was made through the voluntary solicitation of the purchaser, and that appellee had earned nothing.

The case was submitted to the jury upon special issues, and the findings were substantially as follows: That appellant placed his property with appellee for sale; that the usual, customary, and reasonable per cent. paid to real estate agents in Irion county was 5 per cent.; that appellee was the procuring cause of the sale which was finally consummated; that appellant did not take his ranch off the market in good faith, and did not notify appellee that he had done so.

At the request of appellant, the court submitted to the jury the question: "What was the reasonable value of the plaintiff's service in making sale of Lasater's land to Habermacher?" To this issue the jury answered, "$500.00." The case also contains this unique feature: The jury made up a verdict for themselves, which was returned into court, and appears in the transcript. This volunteer verdict was as follows:

"We, the jury, find the plaintiff, R. D. Poage, the procuring cause of bringing the purchaser, M. A. Habermacher, and the defendant, R. M. Lasater, together, by which the sale was finally consummated, and that said R. D. Poage is due $500.00 for his services."

The court found, in the judgment, as undisputed facts, that plaintiff was engaged in the real estate business at the time of the transactions, and that defendant knew that he made a business of selling real estate for a commission; and that the land was sold to Habermacher for a consideration of $25,-000. Upon these findings and those of the jury, the court rendered judgment for appellee for $1,250, with interest.

[1, 2] We have concluded that the case must be reversed, because of the refusal of the trial court to give to the jury certain special instructions requested by appellant. The court was asked to give the following charges:

"(a) Did the defendant contract to pay the plaintiff a commission for the sale of his ranch, or the reasonable value of his services, if any, in making such sale? Answer which."

"(b) If you say that he agreed to pay the plaintiff the reasonable value of his services in making such sale, then what amount do you find from the evidence would be the reasonable value thereof?"

These were material issues in the case under both the pleadings and the facts, and,

under articles 1971 and 1985, Revised Statutes 1911, it was the duty of the trial court to give them in charge to the jury. The court nowhere charged the jury to find upon the issue as to whether appellant agreed to pay appellee a commission for the sale of his ranch. On the contrary, the court made the implied finding that appellant was bound to pay a commission, because of the undisputed facts that plaintiff was engaged in the real estate business, and that defendant knew he made a business of selling real estate for commission.

Under the pleadings and the evidence in the case, the court was not authorized to decide this issue, but should have submitted it to the jury. In addition to the statutory provisions above stated, see Allen v. Frost, 31 Tex. Civ. App. 232, 71 S. W. 767, and authorities there cited.

In connection with the issue as to whether or not appellee was the procuring cause of the sale, appellant requested certain explanatory instructions, which grouped the facts relied upon by him as a defense on this issue, and which instructed the jury to find in the negative thereon, if they should find the existence of such facts. We do not think it necessary to set out in detail these special charges.

In Railway Co. v. McGlamory, 89 Tex. 635, 35 S. W. 1058, the Supreme Court held that a defendant has the right to prepare and demand the giving of a charge requiring the jury to find whether the evidence established the existence of any specific group of facts which, if true, would in law establish a defense, and instructing them that if they found such group of facts to be established by the evidence, to find for the defendant. This doctrine has been uniformly followed by the Supreme Court and by Courts of Civil Appeals, including this court, and has been applied both to causes submitted upon general charges and upon special issues. There would appear to be no sound distinction between the two classes of cases.

We have examined the charges requested by appellant, grouping the facts with relation to the defense that appellee was not the procuring cause of the sale, and they appear to correctly state the rule of law and the issuable facts relied upon by appellant. It is our opinion that the court erred in failing to give requested charge No. 5, upon which an assignment has been presented here.

In view of the probability of another trial, we think it proper to state our opinion as to some of the other questions raised, and which will probably arise again.

It is claimed that the pleadings of appellant did not allege a proper plea of quantum meruit. While we are inclined to think that the pleadings are sufficient in this regard, any question may be removed by making the same more specific. It is true that the petition does not allege, as is usually done, that, failing to recover on an express contract, the plaintiff pleads that he rendered services to the defendant which were accepted, and which were reasonably worth a sum stated. In the absence of special exception, however, we think it fairly apparent that the plaintiff in this case intended to claim the reasonable value of his services, although termed "the usual and customary commission paid in such cases." Doubtless the pleadings should and will be made more specific on another trial.

It is also urged by appellant that the pleadings were insufficient to authorize the court to submit the issue to the jury, or to render judgment, for the usual and customary commission. The claim on this point specifically is that the averment did not contain the declaration that defendant knew or was charged with knowledge of any such custom by reason of its universality. In support of this proposition, appellant has cited numerous cases, among which are the following: Brady v. Richey & Casey (Tex. Civ. App.) 187 S. W. 508; Holder v. Swift (Tex. Civ. App.) 147 S. W. 691; Cooke v. Ellis (Tex. Civ. App.) 196 S. W. 642; Standard Paint Co. v. San Antonio Hardware Co. (Tex. Civ. App.) 136 S. W. 1152.

In these cases certain decisions of our Supreme Court are cited, and we are of the opinion that they lay down a correct rule. The court should be guided thereby, if this issue should arise again. It will be observed that appellee pleaded an express contract with appellant for the payment of a 5 per cent. commission. In the alternative he pleaded that appellant promised to pay a commission, and then alleged generally that the usual and customary commission was 5 per cent. If he should seek to recover upon a custom, it must be pleaded with the particularity indicated in the decisions cited.

We do not find it necessary to pass upon the other assignments in the brief, as they will not probably arise again.

For the errors above shown, the judgment will be reversed, and the cause remanded.

Reversed and remanded.