## KELLY et al. v. ROZELLE. (No. 7126.)

Court of Civil Appeals of Texas. Austin. May 4, 1927.

Rehearing Denied May 18, 1927.

1. **Torts** ⊚⟹27—Evidence held insufficient to support finding defendant induced owners to breach contract to pay broker.

In action for breach of contract to pay commission for sale of real property, evidence *held* insufficient to support finding that defendant induced either of owners to breach contract to pay broker a commission.

2. **Torts** ⊚⟹12—Advice to owners relative to sale contract held not to create liability for breach of contract to pay broker's commission.

Third party's advice to owners of real property relative to contract for sale thereof *held* not in any manner applicable to contract for payment of commissions to broker for sale thereof, as bearing on liability for breach of such contract.

3. **Trial** ⊚⟹350(4)—Failure to submit issue of express contract to pay broker's commission held erroneous, where suit was on express contract denied by defendants (Rev. St. 1925, arts. 2189, 2190).

Under Rev. St. 1925, arts. 2189, 2190, where plaintiff, in action for breach of contract to pay broker's commission, sued on express contract and testified to such effect, and defendants denied having made such a contract, refusal to submit issue as to whether or not owners expressly agreed with broker to pay commission on sale of property *held* erroneous.

4. **Contracts** ⊚⟹346(12)—Recovery on implied contract is not authorized in suit on express contract.

Plaintiff suing on an express contract cannot recover on an implied contract.

5. **Appeal and error** ⊚⟹1062(2)—Error in failing to submit issue relative to express contract for broker's commission held not cured by finding in judgment that such contract was made.

Error of trial judge in failing to submit issue as to whether owner of real property had made an express contract to pay commission as alleged by plaintiff *held* not cured by finding in judgment that owner had made such an express contract with plaintiff.

6. **Husband and wife** ⊚⟹221—Wife held not proper party to suit for breach of contract for broker's commission without allegation that property was her separate estate.

In action by broker for breach of contract to pay commission for sale of property, defendant's wife was not a proper party to suit

---

⊚⟹For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

in absence of allegation that property sold was her separate estate, or that contract sued on was for benefit thereof.

**7. Brokers ⬡85(9)—Evidence as to contract between owner and purchaser held inadmissible to show broker inserted wrong terms unless she heard contract.**

In action to recover for breach of contract to pay commission for sale of real property, evidence, offered as to real contract made between owners and purchaser, as contradistinguished from that prepared by broker, *held* inadmissible to show that broker had by fraud, accident, or mistake inserted wrong terms in written contract, unless it was also shown that she was present and heard contract.

Appeal from Dallas County Court, at Law; William M. Cramer, Judge.

Action by Mrs. Bessie Rozelle against J. P. Kelly, T. L. Bradford, and another. Judgment for plaintiff against defendants named, and they separately appeal. Reversed and remanded as to defendant first named, and reversed and rendered as to defendant last named.

Cockrell, McBride, O'Donnell & Hamilton, of Dallas, for appellants.

Thomas, Frank, Milam & Touchstone, of Dallas, for appellee.

BAUGH, J. Mrs. Bessie Rozelle sued J. P. Kelly and wife, Minnie Kelly, for breach of contract to pay her a 5 per cent. commission on the alleged sale of their home in Dallas for $10,500. She alleged that she procured a purchaser ready, able, and willing to buy on the terms given her by the Kellys, that J. P. Kelly executed a written contract with the purchaser, a Mr. Gilmore, embodying those terms, but that the Kellys subsequently refused to carry it out, and breached their contract to pay commission also. By amendment, subsequently, T. L. Bradford, who was a brother of Mrs. Kelly, was made a party defendant and charged with having induced the Kellys to breach both the contract of sale with Gilmore and the contract with Mrs. Rozelle to pay a 5 per cent. commission. In addition to general and special exceptions, setting up a misjoinder of parties and causes of action as between the Kellys and T. L. Bradford, and that Mrs. Kelly was not a proper party defendant, and a general denial, the Kellys pleaded that Mrs. Rozelle was acting as their agent in the matter; that they relied on her to properly embody the terms of their agreement with Gilmore in the written contract drawn by her which Kelly signed without reading at the time; but that through fraud, accident, or mistake she had failed to do so; and that not having procured a purchaser on the terms offered they were not due her any commission.

The case was submitted to a jury on special issues, and they found that Mrs. Rozelle did draw the sales contract signed by Kelly and Gilmore in accordance with the terms given her by the Kellys; and that the defendant T. L. Bradford knowingly induced both J. P. Kelly and his wife to breach their contract with Mrs. Rozelle to pay her a commission on the sale of said property. Judgment was rendered for plaintiff against J. P. Kelly and T. L. Bradford, and they have prosecuted separate appeals. We will first discuss Bradford's appeal.

The first proposition urged by Bradford is that of a misjoinder of parties and causes of action, in that the Kellys are sued for breach of contract and he is sued for tort. This proposition presents an interesting question upon which much has been written in this state, and on which there seems to be an increasing amount of confusion. Inasmuch, however, as we think Bradford's appeal is conclusively disposed of upon another issue, we shall not undertake to discuss the question of misjoinder.

[1] Bradford's second proposition is that there is no evidence whatever to support a finding that he induced either of the Kellys to breach their contract to pay Mrs. Rozelle a commission. We have read carefully the statement of facts and sustain this assignment. The plaintiff sued for breach of an express contract to pay 5 per cent. commission. She claims performance on her part by procuring a purchaser who entered into a written contract with Kelly to purchase on terms of $1,250 cash, assumption of a first lien note aggregating $2,984, and the execution of a second lien note for $6,266, payable $100 per month, which according to her testimony and the jury's finding were the terms of the sale to Gilmore as given her by the Kellys. The sales contract between Kelly and Gilmore was a separate and distinct contract from the commission contract between the Kellys and Mrs. Rozelle on which she sues. Both Mr. and Mrs. Kelly pleaded and testified that under the contract with Gilmore, and as outlined by them to Mrs. Rozelle before the written contract was drawn by her, they were to receive practically all cash, for the property above the $2,984 first lien note, which the purchaser was to assume. This contract was never signed by Mrs. Kelly, and when she took it to her brother, T. L. Bradford, and asked his advice about the matter, stating to him her version of the agreement with Gilmore, he advised her not to sign it nor to carry it out until it was changed or corrected so as to embody the actual terms of the sale to Gilmore. At that time he dictated a letter to Mrs. Rozelle, which Mrs. Kelly signed and delivered to her a few days later, stating that the contract as prepared by her and signed by Mr. Kelly and Mr. Gilmore did not embody the terms of their agreement; that

her understanding was that the sale was to be for cash; and that she, Mrs. Kelly, would not execute a transfer of the property except for cash. Mr. Kelly later gave to Bradford the same version of the trade with Gilmore. Mrs. Kelly, Mr. Kelly, and Mr. Bradford all testified that nothing was ever said or discussed between any of them about Mrs. Rozelle's right to a commission, and that a contract to pay Mrs. Rozelle a commission was never mentioned at any time.

[2] Both the court and the jury seemed to have lost sight of the distinction between the two contracts and to have assumed that the breach of the sales contract by Kelly also operated as a breach of the contract with Mrs. Rozelle to pay her a commission; and that since Bradford had advised her not to carry out the contract with Gilmore, this also induced a breach of the commission contract. Such was not the case. Mrs. Rozelle was in no sense a party to the sales contract. She could not enforce it nor sue upon it. The Kellys, even if that contract had not been questioned by them, could have paid her commission, and then breached, rescinded, or canceled the contract with Gilmore, whether at their own instance or upon the inducement of Bradford, and Mrs. Rozelle would have had no concern about the matter. Consequently Bradford's advice as to the Kelly-Gilmore contract could not be construed in any manner as applicable to the Kelly-Rozelle commission contract, which was not mentioned and which he knew nothing about. The trial court should have rendered judgment in Bradford's favor.

[3-5] We now come to the appeal as prosecuted by J. P. Kelly. Under his seventh and ninth propositions he complains of the trial court's refusal to give requested special issues Nos. 1 and 2. These issues submitted to the jury the question as to whether or not either Mrs. Kelly or Mr. Kelly expressly agreed with the plaintiff to pay her a 5 per cent. commission on the sale of the property. The trial court erred in refusing to submit these issues. Mrs. Rozelle sued upon an express contract to pay her a commission, and testified that the Kellys made it with her. The Kellys denied in their pleadings that they had made any such contract and testified that payment of a commission was never mentioned at any time in the negotiations. The testimony of the Kellys would have established at most only an implied contract to pay a commission. But having sued upon an express contract, plaintiff could not recover on an implied contract. Shelton v.

Lemmon (Tex. Civ. App.) 268 S. W. 177; Lasater v. Poage (Tex. Civ. App.) 239 S. W. 319. The execution of the express contract having been clearly raised both by the pleadings and the evidence, the defendants were entitled under articles 2189 and 2190, R. S. 1925, to have this issue submitted to the jury. See, also, Fox v. Dallas Hotel Co., 111 Tex. 461, 240 S. W. 517; Hulen v. Ives (Tex. Civ. App.) 281 S. W. 350. Nor could the trial court cure his error by finding in the judgment that the Kellys had made such an express contract with the plaintiff. That being a controverted issue of fact, the defendants were entitled to have the jury pass upon it. This error requires a reversal of the case as to Kelly.

[6] We also sustain appellant Kelly's third proposition. There being no allegation that the property sold was the separate estate of Mrs. Kelly, nor that the contract sued upon was for the benefit of her separate estate, she could not be held liable on the contract and was not a proper party to the suit. No judgment was rendered against her, and appellee insists that no injury was done. Inasmuch, however, as the case must be reversed on other grounds, Mrs. Kelly should be dismissed as a party defendant upon another trial.

[7] Appellants complain of the exclusion of testimony offered to show what was the real contract made between the Kellys and Gilmore, as contradistinguished from that prepared by Mrs. Rozelle. This evidence was not admissible to show that Mrs. Rozelle had by fraud, accident, or mistake inserted the wrong terms in the written contract, unless it had also been shown that she was present and heard the contract. The Kellys testified that they advised her of the correct terms of the agreement before she prepared the contract, but that the contract drawn by her did not embody them. But the jury found against them on this. Gilmore, however, was permitted to testify that he had no agreement with the Kellys as to terms prior to the time Mrs. Rozelle prepared the contract. Had the testimony excluded been offered in rebuttal to Gilmore's testimony, it would have been admissible for that purpose.

For the reasons stated, the judgment of the trial court as to T. L. Bradford is reversed, and judgment here rendered in his favor; and as to J. P. Kelly it is reversed and remanded for another trial.

Reversed and rendered in part, and in part reversed and remanded.